[Civ. No. 15427. Second Dist., Div. Three. June 18, 1947.]

EMMA BOUCHER, as Administratrix, etc., Appellant, v. JOHN O. KRIEHN, Jr., et al., Respondents.

Emma Boucher, in pro. per., for Appellant.

K. B. Kennicott for Respondents.

WOOD, J.—In this action, by plaintiff in propria persona, the third amended complaint is not in clear and concise language, but it appears that the action is to set aside a grant deed on the ground that defendant's grantor was guilty of fraud "for keeping this property under cover." Upon a trial, limited to the special defenses that the action was barred by two former judgments and by the statute of limitations, judgment was for defendant. Upon another trial at a later date, which was upon the cross-complaint to quiet defendant's title to the real property and to enjoin plaintiff from commencing any further action based upon the same transaction, judgment was for cross-complainant quieting his title and so enjoining plaintiff. Plaintiff appeals from both judgments, and asserts that they were rendered without trials and without evidence.

The plaintiff alleged in her third amended complaint that she "is the Administratrix with Special Letters in the Estate of Morris I. Grossman, deceased"; that said Grossman was on December 28, 1922, and still is, the owner of certain described real property in Los Angeles County; that "the trust deed given to Emma Boucher" and recorded "does not state anything prior but Johanna K. Buck and J. or Jacob Segel were put on record, Johanna K. Buck first and then J. or Jacob Segel second. That the trust deed of J. or Jacob Segel slipped to Emma Boucher was never put on record"; that "Grossman and his wife, Libbie, deeded their property to Libbie's

father, William Smith, October 15, 1929, and gave Emma Boucher security on same property October 22, 1930, for $4,900.00''; that $1,518.50 of Emma Boucher's money is on deposit in a certain named bank in the name of Morris I. Grossman as trustee for said Grossman and said Segel; that ''a Grant Deed is a request deed supposed to be, but John O. Kriehn Jr. gave $7,600.40''; that Emma Boucher was thrown in the psychopathic hospital for 24 days ''to cover up the crooks and their supporters crime''; that plaintiff suffered damages in certain specified amounts ''for this fraudulent deal to cover up this property.'' She prayed ''that said deed be set aside and cancelled,'' and for damages in certain amounts.

The interpretation which plaintiff places upon her said complaint is indicated in her brief. She there states that the action is to determine ownership of said real property and to set aside a fraudulent grant deed made by Johanna K. Buck, now deceased, to defendant; that it was a fraudulent deed in that it was executed when Johanna K. Buck was not competent to make it; that Morris I. Grossman owned the property from December 28, 1922, and his estate is still the owner of it legally; that Mollie E. Daniel, Johanna K. Buck, Jacob Segel and William Smith held the property under cover to defraud Grossman's creditors; that in 1923 Daniel transferred her ''fake'' mortgage to Buck for ''supposed'' $5,000, and Buck held the fake mortgage until June, 1929, when Grossman and wife ''made some new Fake Deals''; and that Buck ''never had a Trust Deed, to make a Gift Grant Deed'' to defendant.

The situation seems to be (by reference to the files in the prior cases received as exhibits herein) that on September 16, 1929, Grossman and wife executed a trust deed in favor of Emma Boucher, which was recorded on September 18, 1929, but it did not state that there were prior trust deeds; that Grossman and wife had executed a trust deed in favor of Johanna K. Buck, which was recorded on June 25, 1929, and was a first lien on the property; that Grossman and wife had executed a trust deed in favor of Jacob Segel, which was recorded on June 25, 1929, and was a second lien on the property; that on October 8, 1929, Grossman transferred the property by grant deed to William Smith, which deed was recorded October 15, 1929; that Emma Boucher acquired the Segel trust deed, but asserts that Segel and Grossman defrauded her in the transaction; that Grossman died about December 23, 1934;

that on March 18, 1935, Johanna K. Buck obtained a judgment foreclosing her first trust deed, and thereafter she purchased the property at the foreclosure sale, and after the expiration of the year for redemption she received a commissioner's deed to said property; that on December 14, 1944, Johanna K. Buck transferred the property by grant deed to defendant Kriehn, her nephew; that Johanna K. Buck died February 17, 1945. Emma Boucher was appointed special administratrix of the estate of Grossman on the ground that she was a creditor of Grossman, and it seems that this action is for the purpose of recovering the property for the estate in order that she might satisfy her claim against the estate.

In answer to the third amended complaint defendant alleged, among other things, that on March 18, 1935, in an action in the Superior Court of Los Angeles County, between Johanna K. Buck as plaintiff and the Security-First National Bank and others, including Emma Boucher, as defendants, case No. 346508, being an action to foreclose a trust deed upon the property described in the complaint herein, the said Emma Boucher appeared as a defendant and filed her cross-complaint; that the issue here joined was tried and finally adjudicated in favor of said Buck; that the issues herein are res judicata, and the judgment in said action therein is a bar to this action; that defendant is the successor in interest of said Buck.

In further answer to said complaint defendant alleged that on January 4, 1945, in an action then pending in the Superior Court of Los Angeles County, between Emma Boucher, administratrix with special letters in the estate of Morris I. Grossman, deceased, as plaintiff, and Johanna K. Buck and others, as defendants, case No. 454547, being an action for damages on account of fraud and particularly on account of fraud of Johanna K. Buck in obtaining said first trust deed, the issue here was tried; that the court therein found that the judgment in said former action No. 364508 (hereinbefore mentioned) was a bar to said action No. 454547 (the action then before the court), that the issues in said action then before the court were res judicata, that the action was barred by the provisions of section 338, subdivision 4, of the Code of Civil Procedure; that the court rendered judgment therein in favor of defendant Buck; that said plaintiff Boucher appealed and the appeal was dismissed (on August 28, 1945); that after said judgment was rendered said Buck died, and defendant Kriehn herein (as special administrator of her estate) was

substituted (on April 4, 1945) as defendant therein; that the issues herein are res judicata, and the judgment in said action No. 454547 is a bar to this action.

As a further answer to said complaint herein, defendant alleged that said action was barred by the provisions of section 338, subdivision 4, of the Code of Civil Procedure.

■ Appellant's contention that judgment was rendered without a trial is not sustained. It is provided in section 597 of the Code of Civil Procedure that "When the answer pleads that the action is barred by the statute of limitations, or by a prior judgment . . . the court may, upon the motion of either party, proceed to the trial of such special defense or defenses before the trial of any other issue in the case, and if the decision of the court . . . upon any special defense so tried . . . is in favor of the defendant pleading the same, judgment for such defendant shall thereupon be entered and no trial of other issues in the action shall be had . . . ." Two special defenses that this action was barred by two prior judgments, and a special defense that the action was barred by the statute of limitations, were alleged. Those special defenses were regularly set for trial in accordance with said section 597, and came on for trial on November 1, 1945. Plaintiff was present at that time and participated in the proceedings by making objections and other statements. The original files in the case of *Buck* v. *Security-First National Bank, Emma Boucher et al.*, and in the case of *Boucher, Administratrix, etc.* v. *Buck et al.*, were received in evidence. As to the special defenses the court made findings which were practically the same as the allegations in the special defenses, which includes of course the findings that the issues herein were res judicata, and that the two former judgments barred the action herein. The findings were supported by the evidence. We have examined the original files in those two former cases and find that the matters in issue in the present action were in issue therein and were determined adversely to appellant, and that the judgments therein became final.

■ The rule of res judicata is applicable herein. That rule "is to prevent vexatious litigation and to require the parties to rest upon one decision in their controversy." (*Miller & Lux Inc.* v. *James*, 180 Cal. 38, 44 [179 P. 174].) "[A] final judgment on the merits in a prior action is conclusive between the same parties in a subsequent action involving the same subject matter." (*Hamilton* v. *Carpenter*, 15 Cal.2d 130, 133 [98 P.2d 1027].)

 The finding of the court herein that the present action was barred by the statute of limitations is also supported by the evidence. In her cross-complaint in case No. 364508 she alleged that she became aware of the fraudulent acts in October, 1933. In her complaint in case No. 454547 she alleged that she discovered the fraud in August, 1939. The period prescribed for the commencement of an action for relief on the ground of fraud is three years after discovery, by the aggrieved party, of the facts constituting the fraud. (Code Civ. Proc., § 338, subd. 4.) The present action was commenced on May 21, 1945, which, of course, was not within three years after she discovered the facts constituting the fraud.

 Appellant's further contention that the judgment upon the cross-complaint was rendered without a trial and without evidence is not sustained. When the matter of the special defenses only was before the court for trial on November 1, 1945, the court in announcing its decision also stated that "plaintiff is enjoined from filing any further actions concerning the title to this property." It is true that at that time the matter of the cross-complaint was not before the court for trial, and therefore at that time there was no trial as to it. Although the court announced then that the injunction was granted, the judgment which was signed and entered as a result of that trial did not include the injunction. On January 11, 1946, the matter of the cross-complaint was regularly before the same judge for trial. It is true that the judge then said he had previously disposed of the matter by ordering an injunction, and said further, "Off calendar. I decline to hear it further." After some discussion to the effect that only the special defenses were properly before the court at the prior trial, the court said, "If you now introduce the same evidence on the matter, I will make an order." Thereupon counsel for cross-complainant said that he offered the same evidence, and he asked "that the record show that the evidence introduced at the first hearing is admitted in evidence at this hearing." The court said, "Let the record so show." There was no testimony as to whether a personal judgment against cross-defendant would be collectible, but she admitted in her answer to the cross-complaint that she was insolvent. The evidence was sufficient to support the judgment on the cross-complaint.

Respondent made a motion on June 16, 1946, to dismiss the appeal from the judgment (as to the special defenses) entered on November 16, 1945, on the ground that the appeal was not

taken within proper time. The motion was denied without prejudice. The second judgment (as to the cross-complaint) was entered March 18, 1946. On March 28, 1946, appellant filed one notice of appeal as to both judgments. The notice of appeal was filed, of course, more than sixty days after the judgment of November 16, 1945, was entered. By reason of the conclusions herein upon a consideration of the merits of the appeals, it is not necessary to decide whether such appeal, under the circumstances here involving a cross-complaint, was taken in proper time.

The judgments are affirmed.

Shinn, Acting P. J., and Kincaid, J. pro tem., concurred.