[No. H014330. Sixth Dist. Mar. 18, 1997.]

WINDSOR SQUARE HOMEOWNERS ASSOCIATION, Plaintiff and Appellant, v.
CITATION HOMES et al., Defendants and Respondents.

## COUNSEL

Richard G. White, Farella, Braun & Martel, Douglas R. Young, Dennis M. Cusack and David F. Phillips for Plaintiff and Appellant.

Willoughby, Stuart & Bening, Alexander F. Stuart, Mary Ann O'Hara, Owen & Melbye and Pamela J. Helmer for Defendants and Respondents.

## OPINION

**WUNDERLICH, J.**—For the second time a homeowners association sued the builder and developer of a large condominium complex. The respondents, Citation Homes and Citation Builders, interposed the defense of res judicata. The trial court granted a motion to bifurcate, and held a court trial and determined that the matter was res judicata. Judgment was entered for respondents and the association appeals, claiming that it was entitled to a jury trial on the facts underlying the applicability of res judicata. For the reasons stated below, we affirm.

### STATEMENT OF FACTS

On October 15, 1986, Windsor Square Homeowners Association (appellant) filed a complaint for damages against the developer and general contractor of Windsor Square, an 82-unit condominium project in Sunnyvale, California. Appellant named Citation Builders as the primary defendant. On May 20, 1987, after settling its first lawsuit, appellant dismissed the entire action with prejudice.

On April 17, 1992, appellant filed the complaint in the instant action for damages against the developer and general contractor of Windsor Square. Plaintiff named Citation Homes as a defendant, and Citation Builders was sued as Doe 1. (Plaintiff had sued Citation Builders in the first lawsuit, and arguably Citation Homes in some of the Doe allegations.)

In the first lawsuit appellant sued defendants for negligence in the building of the project, specifically: defective exterior stucco, defective exterior plywood, defective exterior wood trim, defective exterior railings, and defective roof gutters. In the second action plaintiff alleged negligence and unworkmanlike conduct, specifically mentioning as illustrative: defective design and construction of building decks, landings, balconies, patio enclosure walls and related framing, which permit water intrusion and result in deterioration and property damage to building structures and living units. The second action mentions the first and states that it does not address those same claims for damages.

### PROCEDURAL BACKGROUND

In the first complaint plaintiff alleged: "Defendant, CITATION BUILDERS was . . . the developer, designer, builder, promoter, general contractor and seller (hereinafter collectively 'DEVELOPER')" of Windsor Square. Plaintiff next alleges that Does 1 through 10 are the principals and/or controlling officers and/or directors and/or stockholders of defendant Citation Builders. Plaintiff refers to these defendants, that is, Citation Builders, its principals, officers, directors, and stockholders as DEVELOPER DEFENDANTS. On page seven plaintiff alleges that the DEVELOPER DEFENDANTS executed the declaration of covenants, conditions and restrictions (CC&R's) as a declarant. A copy of the CC&R's is incorporated by reference. Citation Homes, not Citation Builders, was the signatory on the CC&R's.

In the second complaint, plaintiff sued Citation Homes, alleged to be a corporation, the successor of Citation Builders. Later Citation Builders was named as Doe 1.

In the present lawsuit, Citation Homes answered the complaint, asserting a number of affirmative defenses, including the statute of limitations and res judicata. Later, the parties stipulated that Citation Builders could join in the answer of Citation Homes, as if it had filed the answer on its own behalf.

On May 23, 1994, Citation Homes moved for summary judgment on its res judicata defense. The court denied the motion on the grounds that appellant had sued only Citation Builders in its first lawsuit. Respondents

claim that the court did not have before it the CC&R's, an attachment to the complaint, that showed that Citation Homes signed the CC&R's.

On November 14, 1994, both Citation Homes and Citation Builders moved for summary adjudication of some issues on the statute of limitations defense. The trial court denied the motion, ruling that there were triable issues of fact, including one as to whether Citation Homes was sued in the first action. Also, the trial court found there were triable facts as to whether or not there were two entities called Citation Builders, a California corporation (sued in the first complaint), and Citation Builders, a partnership (sued in the second complaint).

The second case proceeded to trial on March 20, 1995. The trial court bifurcated the defense of res judicata and ordered that the special defense proceed first as a court trial. Appellant claimed that defendants were estopped from asserting the res judicata defense because the settlement in the first case was not a release of unknown claims. In ordering the bifurcated court trial of the res judicata defense, the court observed that only two elements needed to be proved. The court was already satisfied the dismissal of appellant's first lawsuit constituted a final judgment on the merits, so the issues to be tried were identity of parties and identity of primary right. The trial court stated it would conduct an evidentiary hearing before making these determinations, but over appellant's objection determined as an initial matter there was no right to jury trial.

## Issues on Appeal

Appellant claims that its right to jury trial extended to the trial of the res judicata defense. Appellant further contends that denial of the right to trial by jury requires reversal per se. Appellant does not assign error in terms of the trial court's determination that res judicata applied; it only contends that its jury trial right was violated. Respondents contend there is no right to a jury trial of a res judicata defense in California.

## Discussion

Civil litigants in California are guaranteed the right to trial by jury by California Constitution, article I, section 16, which provides: "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. . . . In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute." The guaranty extends to all cases which were triable to a jury at common law when California adopted its first Constitution in 1850.

(*People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 286-287 [231 P.2d 832].) ■ A negligence action for damages is an action at law and is encompassed by the constitutional jury guaranty. (*Chiesur* v. *Superior Court* (1946) 76 Cal.App.2d 198, 202-203 [172 P.2d 763].) We agree with appellant that it would have been entitled to a jury trial on the merits of its negligence claim, had the special defenses been unavailing.

The statute authorizing bifurcation of special defenses is Code of Civil Procedure section 597 (hereafter simply section 597). Because appellant argues that the statute proper supports its contention of jury trial right, we will quote at some length from the statute. It provides: "When the answer pleads that the action is barred by the statute of limitations, or by a prior judgment, or that another action is pending upon the same cause of action, or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof, the court may, either upon its own motion or upon the motion of any party, proceed to the trial of the special defense or defenses before the trial of any other issue in the case, and if the decision of the court, or the verdict of the jury, upon any special defense so tried (other than the defense of another action pending) is in favor of the defendant pleading the same, judgment for the defendant shall thereupon be entered and no trial of other issues in the action shall be had unless that judgment shall be reversed on appeal or otherwise set aside or vacated. . . ." While the statute clearly authorizes a bifurcated trial on the issue of certain special defenses, including res judicata, the statute is completely silent on whether that particular special defense should be tried to a jury or to the court.

We agree with appellant that no California case we have discovered directly decides the issue of whether one is entitled to a jury trial on a res judicata defense. Certainly the cases cited by respondent as standing for this proposition do not do so squarely.

For instance, in *Solari* v. *Atlas-Universal Service, Inc.* (1963) 215 Cal.App.2d 587, 590 [30 Cal.Rptr. 407], the sole question on appeal was whether a finding of the Industrial Accident Commission that an applicant did not receive certain injuries in a particular accident was res judicata in a subsequent superior court action for damages for personal injuries against a third party tortfeasor arising out of the same accident. The court held that the determination in the workers' compensation proceeding that the employee had not had a compensable head injury, was not res judicata in the superior court civil action. That is to say, if the plaintiff had suffered nervous shock which left him extremely fearful of high places, such a neurosis, unless it

affected his ability to work, would not be compensable under the Workers' Compensation Act. (*Id.* at p. 600.) Thus, whether he had sustained a head injury which gave him pain and suffering and caused neurosis, all of which was compensable under tort law, was still an issue that could be litigated in the civil action. (*Id.* at pp. 600-601.) In dicta the court commented on appellant's claim that the question of res judicata was one of fact and should have been submitted to the jury: "This assertion is without merit. It is well established that the determination of this question is one of law for the trial court in the exercise of its jurisdiction. [Citations.]" (*Id.* at p. 601.)

Cited in *Solari* is *Baird* v. *Superior Court* (1928) 204 Cal. 408 [268 P. 640], in which one child of a decedent claimed to be a pretermitted heir and petitioned the court to have the decedent's estate distributed to him. After the issue had been finally determined, the legatees under the will sought a writ of prohibition in the appellate court to enjoin the probate department of the superior court from reconsidering the petition of the allegedly pretermitted child. The holding of the case was that a writ of prohibition did not lie under the circumstances, but the court said in passing: "*Res Judicata* must be affirmatively relied upon and shown in evidence and in some cases must be pleaded, but in no case is the plea in and of itself sufficient to oust the court of jurisdiction. In its strongest form it is nothing more than conclusive evidence upon all or some of the issues involved. When a former judgment is pleaded either in bar or as an estoppel on some issue, there immediately arise questions as to identity of the parties, the validity of the judgment as shown by the judgment-roll, the legal effect to be given it and perhaps many other questions. *Such matters are for the determination of the trial court*, and whether correctly or incorrectly determined, it is nevertheless the exercise of jurisdiction over the subject matter and the parties." (*Id.* at p. 412, italics added.) Again, the discussion in the case of the doctrine of res judicata and whether the defense should be tried to the jury or to the court, is dicta and not in response to an issue raised in the case.

The other case relied upon by respondents is *Rohrbasser* v. *Lederer* (1986) 179 Cal.App.3d 290 [224 Cal.Rptr. 791] (hereafter simply *Rohrbasser*). The issue in that case was whether the trial court erred in determining that the cross-complaint was barred by res judicata, and the appellate court found error. (*Id.* at p. 293.) The case concerned the cross-action in a series of three cases on a debt. In the first action Rohrbasser was a defendant who guaranteed a note as part of the settlement. (*Id.* at pp. 293-294.) After other parties failed to comply with the settlement agreement, the creditors sued Rohrbasser on his personal guaranty. Rohrbasser did not answer or otherwise appear, and a default judgment was taken against him. He filed a motion to

vacate the default and set aside the default judgment some 18 months afterwards. The basis for the motion to set aside was extrinsic fraud, and the motion was decided upon declarations. The trial court denied Rohrbasser's motion to vacate and set aside. (*Id.* at p. 294.)

In the third action, the cross-complaint of which was the subject of the appeal, Lederer, an assignee of the default judgment, sued Rohrbasser and others to set aside a fraudulent conveyance. Rohrbasser cross-complained, raising the same extrinsic fraud claims urged on his motion to vacate the default and set aside the default judgment. Lederer filed a motion for summary judgment, claiming that the cross-complaint was barred by the doctrine of res judicata. He contended that the issues raised in the cross-complaint were resolved against Rohrbasser in his unsuccessful motion to vacate.

Rohrbasser argued and the appellate court agreed that the denial of his prior motion to vacate did not bar the current cross-complaint. He contended that because there was no oral testimony at the hearing on the motion to vacate, the issues were not fully developed. Therefore collateral estoppel[1] could not apply. (179 Cal.App.3d at p. 295.)

Initially the court determined that it was proper, when no facts were in dispute, for the trial court to determine res judicata on a motion for summary judgment. The court stated: "The defense of res judicata not only is properly raised by a motion for summary judgment, but also is a proper ground upon which to grant a summary judgment. [Citations.] Moreover, such a plea presents a question of law for the determination of the trial court. [Citations.]" (179 Cal.App.3d at p. 296.) The holding of *Rohrbasser*, then, is that where no triable issues of fact exist, the court may determine res judicata as a matter of law on summary judgment. This holding is singularly unhelpful in the instant case since the trial court ruled that there were triable issues of fact defeating summary judgment, and issues of fact that needed to be determined before any determination of the applicability of res judicata.

According to Witkin, too, special defenses such as the statute of limitations or res judicata, may, on motion, be tried first, and the decision thereon may make a trial on the merits unnecessary. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings without Trial, § 281, p. 582.) When testimony was required and heard on whether there was an accord and satisfaction, the trial court's hearing testimony and determining issues of fact on summary judgment was held improper. (*Gardner* v. *Shreve* (1949) 89 Cal.App.2d 804, 808

---

[1]Collateral estoppel is issue preclusion, a lesser form of res judicata or claim preclusion. (*Rohrbasser, supra,* 179 Cal.App.3d at pp. 296-297.)

[202 P.2d 322].) In passing, Witkin notes in another section that the court may order a prior trial of a special defense, including res judicata. (7 Witkin, Cal. Procedure, *supra*, Trial, § 154, pp. 155-156.) Whether the facts underlying the applicability of a special defense should be tried to the court or to the jury is not discussed.

In *Meyer Koulish Co.* v. *Cannon* (1963) 213 Cal.App.2d 419, 423-424 [28 Cal.Rptr. 757], the special affirmative defense of subrogation was tried first to the court under section 597. Defendant had lost plaintiffs' property through no fault of his own and plaintiffs had been fully reimbursed by their insurer. Thus, a preliminary question was whether plaintiffs' insurer was subrogated to plaintiffs' claim. (213 Cal.App.2d at pp. 423-424.) On appeal the defendants claimed, among other things, that they were wrongfully deprived of their right to trial by jury on the special defense. (*Id.* at p. 430.) The appellate court stated: "The right of trial by jury in civil actions is not an absolute right that extends to all cases but one that extends only to those cases where a right to trial by jury would have existed at common law at the time the California Constitution was adopted. [Citation.] It is well settled in California that there is no right to a jury trial in civil actions that are equitable in nature. It is only when issues of law are involved that the right to a trial by jury attaches." (*Id.* at pp. 430-431.) The defense of subrogation being equitable in character, denial of trial by jury was necessarily proper. (*Id.* at p. 431.)

In *Boucher* v. *Kriehn* (1947) 80 Cal.App.2d 437, 438 [182 P.2d 218], the plaintiff and appellant in propria persona contended that a judgment was entered against her without a trial on the defenses of res judicata and the statute of limitations. The appellate court rejected this contention. (*Id.* at p. 441.) Citing section 597, the appellate court noted that the trial court may, upon motion, proceed to the trial of a special defense first, and if the finding is in favor of defendant, no other trial is necessary. Regarding the special defenses the trial court had made findings that the issues were res judicata, and that the two former judgments barred the action. The appellate court stated: "The findings were supported by the evidence. We have examined the original files in those two former cases and find that the matters in issue in the present action were in issue therein and were determined adversely to appellant, and that the judgments therein became final." (80 Cal.App.2d at p. 441.) Res judicata applied, held the court, upholding the judgment in defendants' favor. (*Id.* at pp. 441-443.) In this case, as in several others we shall discuss, the appellate court did not comment on the fact that the facts regarding the special defenses were tried to the court, and not to a jury. (See also *Ellena* v. *State of California* (1977) 69 Cal.App.3d 245, 254 [138

Cal.Rptr. 110] [that trial court determined facts underlying applicability of collateral estoppel not remarked upon in review on appeal].)

*Loughran* v. *Reynolds* (1945) 70 Cal.App.2d 241 [160 P.2d 904], is similar. The plaintiff and appellant sued individual defendant Reynolds and a related corporation for money due under an employment contract. (*Id.* at p. 242.) The trial court rendered judgment in favor of defendant Reynolds on demurrer, holding that a bankruptcy judgment was res judicata. (*Id.* at p. 243.) The corporation had filed bankruptcy, and appellant had presented a claim in the bankruptcy court. Appellant had been allowed $600, roughly one-third of what he was claiming. The order allowing that amount to appellant became final. In this superior court action, plaintiff had alleged that Reynolds was the alter ego of the corporation. The superior court entered judgment for defendant, holding that the bankruptcy court's order was res judicata as between appellant and the corporation and as between appellant and respondent Reynolds. (*Ibid.*) The court held that plaintiff could not have any recovery against respondent in any amount greater than that which had been allowed by the bankruptcy court. (*Id.* at pp. 243-244.)

Appellant's main contention on appeal was that the judgment of the bankruptcy court was not binding on him because respondent was not a party to the bankruptcy proceedings, so that there was no mutuality of parties. (70 Cal.2d at p. 244.) The court held that the party asserting the plea of res judicata need not have been a party to the earlier litigation. It also held that res judicata may not be asserted against a party unless he was bound by the earlier litigation. But here, where the liability of Reynolds is derivative from the liability of the corporation, it is not necessary to show mutuality and privity. A common example of this rule is that once one has released the driver of a vehicle in a personal injury case, one cannot bring another action against the employer of that driver. Here plaintiff claimed damages for breach of contract. The plaintiff's entitlement to damages from either the corporation or the respondent Reynolds was determined in a judgment of the bankruptcy court, which had become final. (*Id.* at p. 244.) The plea of res judicata was good, and the trial court was correct in sustaining it. (*Id.* at p. 245.)

In *Olwell* v. *Hopkins* (1946) 28 Cal.2d 147, 148 [168 P.2d 972], plaintiffs sued an individual, Hopkins, and a Washington state corporation, on an oral contract. This was plaintiffs' second such action. In the first the trial court had determined that the contract sued upon was void, because the corporation was not licensed to do business in California. (*Id.* at pp. 148-149.) In the second action defendants demurred to the complaint on the ground that it

was barred by the former judgment, and that the contract upon which plaintiffs sued was void. (*Id.* at p. 149.)

On appeal plaintiffs contended that defendants' motion to dismiss the prior action had been merely a plea in abatement and therefore the judgment rendered upon the plea could not be res judicata. The appellate court noted that while ordinarily a judgment of dismissal is not a judgment on the merits, sometimes a dismissal does follow an actual determination on the merits. (28 Cal.2d at p. 149.) Plaintiffs also complained on appeal that the trial court should not have looked behind the judgment to determine whether or not it was a bar to the subsequent action. The court stated: "It is settled, however, that evidence is admissible to identify the issues adjudicated in a former action. [Citations.]" (*Id.* at p. 151.) In response to plaintiffs' contention that res judicata could not be raised in the demurrer, but must be raised by answer and determined in a separate trial under section 597, the appellate court held that the matter was tried at the hearing on the demurrer/motion to dismiss just as it would have been tried under the provisions of section 597. Plaintiffs were in the same position they would have been in had the correct procedure been followed. (28 Cal.2d at p. 153.) Again, in this case, it is implied that it is proper for the trial court to receive evidence on the claim of res judicata, even in support of a motion to dismiss and on demurrer.

Another appellate court, without comment, reports that two consolidated condemnation actions were tried jointly but that the trial was divided into two parts—the first for court consideration of the state's affirmative legal defenses, the second for jury determination of the value of the interest taken. (*Mehl* v. *People* ex rel. *Dept. Pub. Wks.* (1975) 13 Cal.3d 710, 714-715 [119 Cal.Rptr. 625, 532 P.2d 489].) While the issue of estoppel by deed would clearly be equitable, the trial court also determined the special defense of the statute of limitations.

In *Stevens* v. *Kelley* (1943) 57 Cal.App.2d 318, 319-320 [134 P.2d 56], an illegitimate child, through her guardian ad litem, sued her alleged father for support. In his answer the defendant pleaded a former adjudication as a defense to the action, in that his lack of paternity had been determined in a prior action brought by the child's mother. (*Id.* at p. 320.) The trial court rejected the plea of res judicata, and the appellate court reversed. (*Id.* at pp. 322, 328.) Plaintiff contended she had not been a party to the first action, but the appellate court found that she was the real party in interest. The first action had been settled in a judgment entered on the settlement, and if this judgment were allowed to stand, there would be two contradictory judgments of the same court on the same issue. (*Id.* at pp. 323-324.) The

appellate court ruled that the trial court's finding that plaintiff was not the real party in interest in the former action was contrary to the undisputed facts and, as there was no other support for the trial court's conclusion of law, the judgment was reversed. (*Id.* at pp. 327-328.)

In *Liberty Mut. Ins. Co.* v. *Superior Court* (1944) 62 Cal.App.2d 601, 611 [145 P.2d 344] (disapproved on other grounds in *Flores* v. *Arroyo* (1961) 56 Cal.2d 492, 497 [15 Cal.Rptr. 87, 364 P.2d 263]), the primary issue on appeal was the propriety of granting a writ of prohibition to restrain prosecution of a lawsuit in superior court, when it was argued that a decision of the Industrial Accident Commission was res judicata. The primary holding of the case was that because a writ of prohibition is an attack on the court's jurisdiction, it failed; the trial court had jurisdiction to determine the plea of res judicata, whether or not the plea was good. The court stated in passing: "*The issues of fact* raised by the answer as to the prior adjudication by the Industrial Accident Commission, which includes the questions as to identity of parties and identity of the injuries in the two proceedings, and the questions as to the validity and finality of the award, *are for the determination of the trial court* in the exercise of its jurisdiction." (*Ibid.*, italics added.)

 The rule that the facts underlying the applicability of the res judicata defense are tried to the court, and not to a jury, although it is a legal and not an equitable defense, is well settled. One reason that such factual issues are tried to the court seems apparent. The issues are often mixed fact-law determinations, involving, for instance, the assertion of jurisdiction, a decision better made by the court alone. Ordinarily, the facts that need to be determined are fairly simple—for example, what the complaint alleges in the first action versus what the complaint alleges in the second action. The pleadings must be studied to determine what claims were or could have been raised, who were the parties sued, whether the party against whom the bar is asserted was in privity with a party to the prior suit, whether the prior adjudication was a judgment on the merits. While all these issues may have factual predicates, they are peculiarly legal determinations.

While in this case the trial court held very extensive evidentiary hearings before ruling that res judicata applied, we believe most if not all of this receipt of evidence was unnecessary. For instance, one issue explored was what plaintiff's attorney, in the first action, had in mind when he drafted the complaint (just exterior painting defects or all construction defects). With all due respect, the attorney's mind-set was irrelevant; what mattered was the words he used in the complaint and the trial court's interpretation of them. It was for the trial court to determine whether the issues raised by the second

complaint were or could have been litigated in the first action. Also, we believe that the trial court could have determined, from a study of the pleadings, whether there was identity of parties.

While we are sympathetic to the claim that plaintiff's action is an action at law because it is an action for damages for negligence, we remain unconvinced that there is a jury trial right on affirmative defenses that can be tried separately and first. We find no California authority that stands directly or indirectly for the proposition that there is such a jury trial right. All the authority we have discovered and exhaustively described, assumes, without much analytical discussion, that such factual issues are naturally tried to the court. Indeed we think this is proper. For instance, in a statute of limitations defense, the court would seem to us to be in a better position to determine when a cause of action accrued than a jury, even though there are factual underpinnings to this finding. Similarly, when the determination is as to whether the same parties are involved, or the same claim raised, this mixed fact-law question is properly determined by the court, sitting without a jury.

### DISPOSITION

The judgment is affirmed. Each party shall bear its own costs.

Premo, Acting P. J., and Elia, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 18, 1997.