[No. F036017. Fifth Dist. Apr. 19, 2002.]

CLAYTON L. JEFFERSON, a Minor, etc., Plaintiff and Appellant, v. COUNTY OF KERN et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I. and II. of the Discussion.

**COUNSEL**

Cheong, Denove, Rowell, Antablin & Bennett, Mary M. Bennett, John D. Rowell and Alicia S. Curran for Plaintiff and Appellant.

B. C. Barmann, Sr., County Counsel, and Robert D. Woods, Chief Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**DIBIASO, Acting P. J.**—Plaintiff and appellant Clayton L. Jefferson (Clayton), a minor, by and through his guardian ad litem Darlene Jefferson, appeals from the trial court's judgment in favor of defendants and respondents, County of Kern (County) and Geoffrey M. Miller, M.D. (Dr. Miller) (collectively respondents), entered after a one-day court trial in which the trial court found Clayton had failed to comply with the claim presentation requirements of the California Tort Claims Act (Gov. Code, § 810 et seq.).[1] The trial court determined, in a bifurcated trial of the special defense at respondents' request under Code of Civil Procedure section 597, that Clayton's medical malpractice and fraud causes of action were barred because they had accrued more than one year prior to his submission to the County of an application for leave to present a late claim.[2] Clayton's request that the special defense be tried before a jury was denied by the trial court.

In the unpublished portion of this decision, we conclude that the County is not estopped from challenging the date of accrual of Clayton's causes of action, since the County accepted Clayton's application for leave to present a late claim while expressly reserving its right to challenge the timeliness of the claim if discovery disclosed the accrual dates were other than those stated in the application. In the published portion of this decision, we conclude that Clayton was entitled to a jury trial on the issue of the date of accrual of his causes of action. Accordingly, we reverse.

---

[1]All further statutory references are to the Government Code unless otherwise noted.

[2]Code of Civil Procedure section 597 states in pertinent part: "When the answer pleads that the action is barred by the statute of limitations, . . . or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof, the court may, either upon its own motion or upon the motion of any party, proceed to the trial of the special defense or defenses before the trial of any other issue in the case . . . ."

DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.

 Clayton is correct that he was erroneously denied a jury trial (Cal. Const., art. I, § 16) on the issue of the dates of accrual of his causes of action.[13]

 ██ ██ "The date of the accrual of a cause of action for the purpose of computing the time limit of the Government Code claims (§ 900 et seq.) is the same as for the statute of limitations which would otherwise be applicable. (. . . § 901.)" (*Wozniak v. Peninsula Hospital* (1969) 1 Cal.App.3d 716, 722 [82 Cal.Rptr. 84].) In a suit for medical malpractice, the one-year statute of limitations commences to run when the plaintiff "discovers, or through the use of reasonable diligence should have discovered, [his or her] injury."[14] (Code Civ. Proc., § 340.5.)[15] The term "injury" means both the plaintiff's physical condition and its negligent cause; thus, once a plaintiff knows, or by reasonable diligence should have known, he or she has been harmed through professional negligence, the one-year limitations period begins to run. (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 896 [218 Cal.Rptr. 313, 705 P.2d 886].) "When the person who is injured is a minor, as here, the parents' knowledge or lack of knowledge is controlling. [Citation.]" (*Wozniak v. Peninsula Hospital, supra,* 1 Cal.App.3d at p. 723; accord, *Whitfield v. Roth* (1974) 10 Cal.3d 874, 885 [112 Cal.Rptr. 540, 519 P.2d 588]; *County of Los Angeles v. Superior Court* (2001) 91 Cal.App.4th 1303, 1309 [111 Cal.Rptr.2d 471].)

---

*See footnote, *ante,* page 606.

[13]"The constitutional right to a jury trial is the right as it existed at common law, when the state Constitution was first adopted [in 1850]." (*Cornette v. Department of Transportation* (2001) 26 Cal.4th 63, 75 [109 Cal.Rptr.2d 1, 26 P.3d 332]; *People v. One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 286-287 [231 P.2d 832].) Denial of the right is reversible per se. (*Martin v. County of Los Angeles* (1996) 51 Cal.App.4th 688, 698 [59 Cal.Rptr.2d 303].)

[14]"A negligence action for damages is an action at law and is encompassed by the constitutional jury guaranty." (*Windsor Square Homeowners Assn. v. Citation Homes* (1997) 54 Cal.App.4th 547, 551 [62 Cal.Rptr.2d 818]; *Chiesur v. Superior Court* (1946) 76 Cal.App.2d 198, 202-203 [172 P.2d 763].)

[15]Code of Civil Procedure section 340.5 contains two periods of limitation—a three-year period that begins to run from the "date of the injury," and a one-year period that commences when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury. Both of these limitation periods must be met. (*Rose v. Fife* (1989) 207 Cal.App.3d 760, 767-768 [255 Cal.Rptr. 440].) The three-year period is not an issue in this case, because both Clayton's original claim and his late claim application were presented, and his lawsuit was filed, within three years of his surgery in July 1997.

Many cases have acknowledged, if they have not directly held, that the date of accrual of a cause of action is subject to jury determination when the issue is raised in connection with a tort claim. In *Wozniak*, the trial court granted summary judgment in favor of the defendant hospital on the ground the minor plaintiff had not filed a claim within the then-prevailing 100 days of section 911.2. The Court of Appeal reversed, concluding that "a triable issue of fact exists as to the time of the accrual of [the plaintiff's] cause of action." (*Wozniak v. Peninsula Hospital, supra*, 1 Cal.App.3d at p. 724.) The court explained: "The question of when there has been a belated discovery of the cause of action, especially in malpractice cases, is essentially a question of fact. The facts and circumstances of the medical treatment rendered a patient are within the exclusive knowledge of the hospital and the attending physicians. It is difficult to understand how an injured person could discover the cause of the injury until he has obtained that information. [Citations.] It is only where reasonable minds can draw but one conclusion from the evidence that the question becomes a matter of law. [Citations.]" (*Wozniak v. Peninsula Hospital, supra*, 1 Cal.App.3d at p. 725.)

The court found the trial court had erred in granting the defendant's motion for summary judgment because reasonable minds could differ about when the plaintiff's parents knew or should have known about the hospital's alleged negligence. (*Wozniak v. Peninsula Hospital, supra*, 1 Cal.App.3d at pp. 724-726.) The court made clear it was not deciding the date when the plaintiff's cause of action accrued "but only that the issue exists and is to be determined by the trier of fact." (*Id.* at p. 726; see also *Romo v. Estate of Bennett* (1979) 97 Cal.App.3d 304, 307 [158 Cal.Rptr. 635].)

We think the court's use of the term "trier of fact" is significant, for it reflects an assumption that the determination of the date of accrual is not reserved for the court alone. The term "trier of fact" is used interchangeably to refer to a judge or jury and recognizes the factual, rather than the strictly legal, character of the inquiry. (*Cornette v. Department of Transportation, supra*, 26 Cal.4th at p. 75.)

In *Dujardin v. Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350 [138 Cal.Rptr. 20], the trial court sustained the defendants' demurrer without leave to amend on the ground the plaintiffs, a husband and wife and their minor child, had failed to file a claim within the required 100 days. The appellate court reversed, explaining that "[b]ecause the question of belated discovery depends on the facts and circumstances surrounding the negligent act and the subsequent events leading to discovery, the issue is ordinarily one of fact for a court *or jury* to decide." (*Dujardin v. Ventura County Gen. Hosp., supra*, 69 Cal.App.3d at p. 356, italics added.) The court decided that,

because the plaintiffs' complaint sufficiently pled belated discovery, the issue could not be settled as a matter of law and the plaintiffs' "should have the opportunity to present their proof to the trier of fact." (*Id.* at p. 359.)

 ██ ██ ██ ██ In addition, many courts in cases involving section 946.6 have likewise affirmed, if they have not held, that there is a right to a jury determination of the date of accrual under the tort claim statutes.[16] (See *Mandjik v. Eden Township Hospital Dist.* (1992) 4 Cal.App.4th 1488, 1500, 1504, fn. 12 [6 Cal.Rptr.2d 582] [to permit public entity to make factual determinations relating to timeliness of a claim would deny claimant his or her right to a jury trial on disputed factual issues, and whether plaintiff will be able to prove his or her allegation of delayed accrual is a factual issue]; *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 711-712 [269 Cal.Rptr. 605] ["We can envision certain cases, such as where the date of the accrual of the cause of action is disputed, where the related issue of timeliness of the claim should be postponed, upon appropriate demand by a petitioner, to a determination by the jury as in cases involving private defendants."]; *Ngo v. County of Los Angeles* (1989) 207 Cal.App.3d 946, 950 [255 Cal.Rptr. 140] ["Were petitioners proceeding against a non-governmental defendant, the issue of the statute of limitations would, of course, be a jury question [citations]; and so long as there exists any triable issue of fact as to whether there was timely compliance with the claims statute, both issues would be jury questions in an action against the County."]; and *Scott v. County of Los Angeles* (1977) 73 Cal.App.3d 476, 481-482 [140 Cal.Rptr. 785] [public entity cannot deny to claimant his or her right to jury trial on disputed factual issues by rejecting claim as untimely rather than on its merits where the claim is timely on its face].[17])

The fact that "[t]he Claim Statute did not exist in 1850" does not mean that "there is no inherent right to a jury trial against a public entity unless

---

[16]As we stated in the unpublished portion of the opinion, section 946.6 authorizes a claimant whose late claim application is denied to petition the court for an order relieving the claimant from the claims presentation requirements. Such a petition is a "special proceeding" in which the court is required to grant the petition if the evidence shows the late claim application was made within a reasonable time not to exceed one year after accrual of the cause of action, the application was denied or deemed denied, and one of four enumerated grounds for relief is met. (*County of Sacramento v. Superior Court* (1974) 42 Cal.App.3d 135, 140 [116 Cal.Rptr. 602]; Code Civ. Proc., §§ 21-23; Gov. Code, § 946.6, subd. (c)(2); *County of Los Angeles v. Superior Court, supra,* 91 Cal.App.4th at pp. 1313-1314.)

[17]Respondents contend the statement in *Scott* is dicta because the county there chose to defend the action on the basis of the statute of limitations rather than the Tort Claims Act. This characterization of *Scott* is inaccurate. The plaintiff in *Scott,* after the county had rejected her original claim as untimely, submitted a second claim which the county treated as an application to file a late claim and rejected. The plaintiff then filed both a complaint and a petition for relief pursuant to section 946.6. On appeal from the trial court's denial of the plaintiff's section 946.6 petition, the Court of Appeal found the plaintiff could proceed with her action, despite the denial of her petition, because the county had no right to reject the original claim as untimely; according to the court, the allegations in the claim, if true, would

that right is found in a statute," as respondents maintain. Respondents have misconstrued *County of Sacramento v. Superior Court, supra,* 42 Cal.App.3d 135, where the court held there is no right to a jury trial in a section 946.6 proceeding because the statute (1) contemplates findings by the court, not a jury; (2) had no counterpart in 1850; and (3) describes a "special proceeding," not a common law action. (*County of Sacramento v. Superior Court, supra,* at pp. 139-140.) The court did not hold, as respondents assert, that there is no right to a jury trial against a public entity unless that right is found in a statute. Instead, the court applied the rule that there is no right to a jury trial in a special proceeding, such as one under section 946.6, unless the right is extended by statute. (*County of Sacramento v. Superior Court, supra,* at p. 140; see *Vallejo etc. R.R. Co. v. Reed Orchard Co.* (1915) 169 Cal. 545, 556 [147 P. 238].)

If respondents' argument prevailed, there would be few if any actions against public entities where a jury trial would be permitted, because the Tort Claims Act did not exist in 1850. This is clearly not the case. (See, e.g., *Brookhouser v. State of California* (1992) 10 Cal.App.4th 1665, 1670 [13 Cal.Rptr.2d 658] [negligence claims against state tried to jury]; *Alexander v. State of California ex rel. Dept. of Transportation* (1984) 159 Cal.App.3d 890 [205 Cal.Rptr. 758] [dangerous condition of public property tried to jury]; *Meyer v. City of Oakland* (1980) 107 Cal.App.3d 770 [166 Cal.Rptr. 79] [negligence claim tried to jury]; *Bakity v. County of Riverside* (1970) 12 Cal.App.3d 24 [90 Cal.Rptr. 541] [dangerous condition of public property tried to jury].)

Moreover, the right to a jury trial does not entirely depend upon the existence of a particular right of action in 1850. (*Asare v. Hartford Fire Ins. Co.* (1991) 1 Cal.App.4th 856, 867 [2 Cal.Rptr.2d 452].) Rather, it exists when a current case is of the same "class" or "nature" as one which

have tolled the running of the statute of limitations and postponed the date of accrual of the cause of action. (*Scott v. County of Los Angeles, supra,* 73 Cal.App.3d at pp. 481-482, 484.) Recognizing that, when the cause of action accrued and whether the statute of limitations was tolled were issues critical to both the plaintiff's due compliance with the claims statutes and the plaintiff's success on her malpractice complaint, the court reasoned that, in such situations, the public entity must accept the claim as timely and reject it on its merits, and to do otherwise would "deny to a claimant his or her right to a jury trial on disputed factual issues." (*Id.* at pp. 481-482.) Because the four-year statute of limitations then in effect for malpractice actions would have run on the plaintiff's claim in 1974 unless it was otherwise tolled, the court pointed out that the plaintiff would first have to prove at trial that the limitations period had been so tolled in order for her tort claim to be timely, and, if it was not so tolled, the date of discovery of her injury was irrelevant. (*Scott v. County of Los Angeles, supra,* at p. 484.) Although the statute of limitations was the primary concern in *Scott,* the rationale which requires a public entity to accept a claim timely on its face applies equally when the only concern is compliance with the claims statute and implicates equally the claimant's right to a jury trial.

existed in 1850. (*People v. One 1941 Chevrolet Coupe, supra,* 37 Cal.2d at pp. 299-300.) " 'It is suggested that the statute was enacted since the adoption of the Constitution, and for that reason is not within the guaranty of trial by jury. The constitutional right of trial by jury is not to be narrowly construed. It is not limited strictly to those cases in which it existed before the adoption of the Constitution but is extended to cases of *like nature* as may afterwards arise. It embraces cases of the *same class* thereafter arising. . . . The introduction of a new subject into a class renders it amenable to its general rules, not to its exceptions.' " (*Ibid.,* fns. omitted, italics added.)

Thus, whether a jury trial is required depends upon the " 'gist of the action.' If the 'gist' is legal, as opposed to equitable, [the Supreme Court has] recognized a right to jury trial. [Citations.]" (*McHugh v. Santa Monica Rent Control Bd.* (1989) 49 Cal.3d 348, 379-380 [261 Cal.Rptr. 318, 777 P.2d 91], fn. omitted.) "Generally, where the legal remedy of damages is full and adequate and can do complete justice between the parties, no equitable remedy is available. [Citations.] Accordingly in such cases the right to a jury trial exists. [Citation.]" (*Asare v. Hartford Fire Ins. Co., supra,* 1 Cal.App.4th at p. 867.)

■ The "gist" of the issue about when a cause of action for damages accrued is legal, because it is determinative of the plaintiff's right to bring such a cause of action at law. The fact the issue arises in the context of the claims statutes rather than in the context of the statute of limitations, and the fact that the defendant is a public entity rather than a private person or entity, are not distinctions that make a difference. The nature of the inquiry and the purpose of the inquiry are the same—a determination about whether the action at law for damages may proceed. (See *County of Kern v. Superior Court* (1978) 82 Cal.App.3d 396, 401 [147 Cal.Rptr. 248] [although the claims defense and the statute of limitations defense are different, both arise out of a common factual question: When did real party discover (or in the exercise of due diligence should have discovered) the malpractice?]; *Gonzales v. Nork* (1978) 20 Cal.3d 500, 506 [143 Cal.Rptr. 240, 573 P.2d 458] [defendant had constitutional right to jury trial when medical malpractice and fraud case commenced; issues in case involved special defenses of release and statute of limitations]; *Estate of Fincher* (1981) 119 Cal.App.3d 343, 351 [174 Cal.Rptr. 18] [right to a jury trial on legal issue of statute of limitations defense, unless there is no conflict in the evidence].)

Moreover, the fact that section 946.6 does not provide for a jury trial does not mean the claimant is not entitled to a jury trial on the issue of when his or her claim accrued. The Legislature's decision to deny a jury trial in one

type of proceeding does not manifest an intent to deny it in another type of proceeding.[18] By enacting section 901, the Legislature directed the courts to apply the statute of limitations corresponding to the cause of action asserted—in this case, Code of Civil Procedure section 340.5. The determination about when a cause of action has accrued for purposes of this statute is a proper subject for a jury when the facts are in dispute. (*Taylor v. Wright* (1945) 69 Cal.App.2d 371, 384 [159 P.2d 980]; *Pacific Improvement Co. v. Maxwell* (1915) 26 Cal.App. 265, 271 [146 P. 900]; *Heilbron v. Heinlen* (1887) 72 Cal. 376 [14 P. 24]; *Reed v. Swift* (1873) 45 Cal. 255.) We presume the Legislature knew when it enacted section 901 that the right to a jury trial existed with respect to the issue of accrual. (*Yoffie v. Marine Hospital Dist.* (1987) 193 Cal.App.3d 743, 748 [238 Cal.Rptr. 502] [Legislature is presumed to know existing law at the time it enacts a statute].) Because the Legislature in section 901 did not limit the issue to court determination as it did in section 946.6, we may conclude it did not intend to change existing law applicable when the action is not a special proceeding under the latter statute.

In a supplemental letter brief respondents cite *Santa Ana Unified School Dist. v. Orange County Development Agency* (2001) 90 Cal.App.4th 404, 410 [108 Cal.Rptr.2d 770], and *Downen's, Inc. v. City of Hawaiian Gardens Redevelopment Agency* (2001) 86 Cal.App.4th 856, 860 [103 Cal.Rptr.2d 644], to support the proposition that "legislative intent should be respected, even if the language of the [Tort Claims Act] does not with perfect specificity address the availability of a jury trial on the issue." We find these cases distinguishable, as each involved the construction of a statute that was reasonably susceptible to two conflicting interpretations, which is not the situation here. More importantly, neither concerned the right to a jury trial.

The case respondents cited at oral argument, *Martell v. Antelope Valley Hospital Medical Center* (1998) 67 Cal.App.4th 978 [79 Cal.Rptr.2d 329], does not change our analysis. In *Martell*, the minor plaintiff's parents presented the public entity defendant with a timely claim for medical malpractice in August 1989, which the defendant rejected in October 1989. In February 1990, the parents and minor filed a complaint for medical malpractice, which they voluntarily dismissed in May 1992 because the minor's young age prevented the full extent of his injuries from being completely known. In February 1997, the plaintiffs filed a second complaint. The trial court granted the defendant's motion for summary judgment, brought on the ground that the plaintiffs had failed to comply with the

---

[18]For the purpose of addressing respondents' arguments, we will assume, without deciding, that the Legislature is empowered to deny the right to a jury trial in actions against public entities.

requirement of section 945.6 that a complaint be filed within six months of rejection of the tort claim. (67 Cal.App.4th at p. 980.)

The Court of Appeal affirmed. The court held that the six-month statute of limitations of section 945.6 prevails over the general statutes of limitations and therefore bars the plaintiffs' complaint. (*Martell v. Antelope Valley Hospital Medical Center, supra,* 67 Cal.App.4th at pp. 981-982.) The court rejected the plaintiffs' contention that effect must be given to both Government Code section 945.6 and Code of Civil Procedure section 340.5, which gives minors under the age of six until their eighth birthday to file suit. The court noted that Government Code section 945.6 existed when the Legislature enacted Code of Civil Procedure section 340.5 in 1975, and, therefore, the Legislature must be presumed to have known about the six-month filing period for complaints against public entities. The court concluded that, from the Legislature's failure to make an exception in Code of Civil Procedure section 340.5 for malpractice claims against public entities, it could infer the Legislature intended minors to be bound by Government Code section 945.6's six-month limit. (67 Cal.App.4th at p. 983.)

*Martell* has no application here, where the question is whether the Legislature specifically barred a jury trial on the issue of the accrual date of the applicable limitations period. If anything, *Martell* supports our conclusion that, since the Legislature knew when it enacted section 901 that a right to jury trial existed at common law with respect to the issue of accrual, the Legislature's failure to expressly rewrite the common law right when it enacted section 901 compels us to infer the Legislature intended that right to subsist when the action is against a public entity.

Next, Code of Civil Procedure section 597, which permits the separate trial of specified defenses, does not describe a special proceeding. The Supreme Court recently rejected a similar argument that the litigation of the Tort Claims Act's design immunity defense is a special proceeding not requiring a jury trial: "Judicial remedies are either actions or special proceedings. (Code Civ. Proc., § 21.) An action 'is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' (Code Civ. Proc., § 22.) 'Every other remedy is a special proceeding.' (Code Civ. Proc., § 23.) Caltrans does not attempt to explain why the defense of design immunity should be considered a special proceeding, except to say that '[a] special proceeding may be commenced independently of the pending action.' This does not advance Caltrans's case because, as plaintiffs point out, '[t]he bifurcated trial of the changed conditions exception to the design immunity defense was not

"commenced independently of the pending action"—it was part and parcel of the pending action.' In conclusion, Caltrans is simply wrong about design immunity being a special proceeding; it is an affirmative defense in an action brought under Government Code section 835 to, in the words of Code of Civil Procedure section 22, 'redress . . . a wrong.' " (*Cornette v. Department of Transportation, supra,* 26 Cal.4th at p. 76.)

Here, respondents also do not attempt to explain why a proceeding under Code of Civil Procedure section 597 should be considered a special proceeding. Though they cite *County of Sacramento v. Superior Court, supra,* 42 Cal.App.3d 135, that case held that section 946.6 describes a special proceeding; it did not consider whether a separate trial under Code of Civil Procedure section 597 is a special proceeding.

■ The words "special proceeding" have "reference only to such proceedings as may be commenced independently of a pending action by petition or motion upon notice in order to obtain special relief. And, generally speaking, a special proceeding is confined to the type of case which was not, under the common law or equity practice, either an action at law or a suit in equity. [Citations.]" (*Church v. County of Humboldt* (1967) 248 Cal.App.2d 855, 858, fn. 3 [57 Cal.Rptr. 79].)

■ In contrast to section 946.6, a separate trial of limited issues under Code of Civil Procedure section 597 is not a special proceeding because it is not brought independently of the pending action. Instead, it is a part of the pending action itself, convened for the express purpose of trying some but not all of the issues in that action, and unless the resolution of a segregated issue is determinative of the entire action, no final or appealable judgment will result from the bifurcated proceeding. In this case, the action is one for medical malpractice brought, in the words of Code of Civil Procedure section 22, to "redress . . . a wrong."

We find nothing persuasive in the fact that Clayton would not have had the right to a jury trial if the County had denied the late claim application and required Clayton to proceed by petition under section 946.6. While it is true a jury is not authorized in a section 946.6 special proceeding, it does not follow that a jury trial is not authorized in a civil action that is not a special proceeding. The fallacy of respondents' argument is highlighted by their corollary assertion that Clayton is not entitled to a jury trial because he would not have been entitled to a jury trial had the County demurred or brought a motion for summary judgment, for directed verdict, or for nonsuit

in Clayton's lawsuit.[19] By logical extension of this reasoning, no party would ever get a jury trial in any civil action on any issue, because these procedural means of resolving legal issues short of decision by the finder of fact are available in every civil action. (See, e.g., *Wozniak v. Peninsula Hospital, supra,* 1 Cal.App.3d at p. 725 [accrual of claim, while generally an issue of fact, becomes an issue of law only where reasonable minds can draw but one conclusion from the evidence].)

Nothing in *Reyes v. County of Los Angeles* (1988) 197 Cal.App.3d 584 [243 Cal.Rptr. 35] helps respondents. *Reyes* held that a court may decide the issue of accrual in a section 946.6 proceeding; *Reyes* did not hold that a party is not entitled to a jury trial on the issue of accrual in a civil medical malpractice action. The plaintiffs in *Reyes* asserted that the nonjury setting of the hearing on the petition for relief under section 946.6 deprived them of their right to a jury determination of the factual issue of accrual. The court rejected the argument, stating it was the plaintiffs, not the defendant, who sought a court determination of the date of accrual by filing a petition for relief, and, having chosen that forum, the plaintiffs could not complain of the loss of a jury. (*Reyes v. County of Los Angeles, supra,* at p. 595.)[20] By parity of reasoning here, the County, having chosen to accept Clayton's late claim application, relegated the determination of the accrual issue to the inevitable civil action. Having chosen to direct Clayton into the forum where he had a right to a jury trial, the County cannot now complain because Clayton is exercising that right.

■ Similarly, *Windsor Square Homeowners Assn. v. Citation Homes, supra,* 54 Cal.App.4th 547 is not controlling. In *Windsor,* the court stated that "in a statute of limitations defense, the court would seem to be to us in a better position to determine when a cause of action accrued than a jury, even though there are factual underpinnings to this finding." (*Id.* at p. 558.) This is gratuitous dicta, well beyond the issue addressed by *Windsor Square,*

---

[19]The County appears to assume the issue of accrual in this case is, on the facts, not subject to dispute and is therefore subject to resolution as a matter of law by one or more methods provided in the Code of Civil Procedure. Whether or not there is a justiciable dispute of material fact is not before us, and, in any event, the point is irrelevant to the right to a jury trial. We know of no authority, and the County has cited none, which so much as suggests obliquely that the right to jury trial depends upon the probative value of the evidence possessed by the party demanding the jury. That the relevant evidence may ultimately result in the issue being taken from the jury and decided as a matter of law by the court has no bearing on the question whether a jury trial is permitted in the event the matter is decided by a trier of fact.

[20]If anything, *Reyes* supports the proposition that the right to jury trial on the issue of accrual exists when it is raised in a civil action at law, as opposed to a section 946.6 special proceeding.

which was whether the facts relevant to a defense of res judicata are to be tried to the court. (*Id.* at pp. 550, 557.) The court's explanation for its conclusion that such factual issues are to be tried without a jury demonstrates why *Windsor Square* is distinguishable. "The issues [underlying the applicability of the res judicata defense] are often mixed fact-law determinations, involving, for instance, the assertion of jurisdiction, a decision better made by the court alone. Ordinarily, the facts that need to be determined are fairly simple—for example, what the complaint alleges in the first action versus what the complaint alleges in the second action. The pleadings must be studied to determine what claims were or could have been raised, who were the parties sued, whether the party against whom the bar is asserted was in privity with a party to the prior suit, whether the prior adjudication was a judgment on the merits. While all these issues may have factual predicates, they are peculiarly legal determinations." (*Id.* at p. 557.)

Thus, *Windsor Square* did not involve a disputed issue of fact based upon conflicting evidence but rather a disputed issue of law based upon undisputed facts—in other words, a legal issue of the sort which is traditionally the peculiar province of the court. The question here, however, about when a plaintiff knew or should have known about the existence of possible medical malpractice, is the former rather than the latter. (See *Cornette v. Department of Transportation, supra,* 26 Cal.4th at pp. 76-77 [making same distinction with respect to design immunity defense].)

 Finally, there appears to be no doubt that a medical malpractice plaintiff has the right to a jury trial on factual issues relevant to the defense, among others, of the date of accrual for purposes of the statute of limitations. (See *Estate of Fincher, supra,* 119 Cal.App.3d at p. 351; *Gonzales v. Nork, supra,* 20 Cal.3d at p. 506; *McComber v. Wells* (1999) 72 Cal.App.4th 512, 521 [85 Cal.Rptr.2d 376].) Given this predicate, we therefore do not understand the legal rationalization for a rule which would permit that right, granted by constitutional provision, to be effectively defeated by a public entity defendant by the simple expedient of requesting discretionary bifurcation under the authority of a statutory provision, i.e., Code of Civil Procedure section 597. Recent case law indicates the plaintiff cannot be deprived of a rightful jury by this stratagem employed by a nonpublic entity defendant when the special defense is the statute of limitations. (See *Monarch v. Southern Pacific Transportation Co.* (1999) 70 Cal.App.4th 1197, 1203 [83 Cal.Rptr.2d 247]; *Warren v. Schecter* (1997) 57 Cal.App.4th 1189, 1197 [67 Cal.Rptr.2d 573].) By analogy, the same should be true with

respect to the date of accrual under section 901, and we reject any suggestion to the contrary that may be found in *Windsor Square.*[21]

In sum, Clayton was entitled to a jury determination of the issue of the date of accrual of his cause of action. The other contentions raised by the parties in their briefs are moot.

## DISPOSITION

The judgment is reversed. Appellant is awarded costs on appeal.

Vartabedian, J., and Cornell, J., concurred.

On May 17, 2002, the opinion was modified to read as printed above.

---

[21]The fact that Code of Civil Procedure section 597.5 specifically applies to medical malpractice statute of limitations defenses is of no importance. All this statute does is make subject to mandatory bifurcation one special defense otherwise subject to discretionary bifurcation under Code of Civil Procedure section 597.