**Gunter STROMBERGER, Appellant**

v.

**TURLEY LAW FIRM f/k/a Law Offices of Windle Turley, P.C. and Thomas J. Stutz, Appellees.**

**No. 05–07–01123–CV.**

Court of Appeals of Texas,
Dallas.

April 23, 2008.

K. Douglas Perrin, The Perrin Law Firm, P.C., Dallas, for appellant.

R. Windle Turley, T Nguyen, Law Offices of Windle Turley, P.C., Dallas, for appellee.

Before Justices MORRIS, FITZGERALD, and LANG.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from an order imposing sanctions under rule 215.1 of the Texas Rules of Civil Procedure. Gunter Stromberger appeals the trial court's order awarding the Turley Law Firm f/k/a Law Offices of Windle Turley, P.C. and Thomas J. Stutz the amount of $5,000 as a sanction for Stromberger's failure to appear at a post-judgment deposition and to comply with a subpoena duces tecum. Because we conclude the trial court abused its discretion by imposing the monetary sanction in this case, we vacate the trial court's order.

### I.

The trial court signed a final judgment against Gunter Stromberger in this cause on August 26, 2003. The final judgment awarded appellees $50,000 together with costs of court and post-judgment interest at the rate of ten percent per annum. The judgment also awarded appellees attorneys' fees in the event of unsuccessful appeals.

After entry of the judgment, appellees sought post-judgment discovery concerning Stromberger's assets. According to appellees, they made numerous attempts to depose Stromberger and were continually met with resistance and delays. Appellees also contend Stromberger failed to produce documents as required by a subpoena duces tecum.

On March 20, 2007, appellees filed a motion for sanctions pursuant to rule 215.1 of the Texas Rules of Civil Procedure. Attached to the motion were numerous documents ostensibly demonstrating Stromberger's attempts to avoid a deposition. The motion stated that Stromberger's conduct had caused appellees to incur fees and expenses totaling "at least ten thousand dollars" and asked the trial court to award them that amount along with any "penalty sanctions" the court found appropriate. A hearing was held on the motion during which appellees and Stromberger discussed Stromberger's conduct and that of his attorney. Appellees did not present any evidence of fees, costs, or other expenses incurred as a result of the alleged conduct.

After the hearing, the trial court signed an order granting appellees' motion for sanctions. In the order, the trial court stated it found Stromberger and his attorney "repeatedly failed to appear for [a] post-judgment deposition" and this warranted that sanctions be imposed. The court then ordered Stromberger and his attorney, Doug Perrin, jointly and severally, to pay appellees $5,000. Nothing in the order indicates how the trial court determined the amount of sanctions it imposed. Stromberger brings this appeal contending the trial court abused its discretion in making the award.

### II.

This Court has addressed previously the issue of monetary discovery sanctions under rule 215. *See Ford Motor Co. v. Tyson,* 943 S.W.2d 527 (Tex.App.-Dallas 1997, orig. proceeding). In *Tyson* we concluded that, where a monetary sanction under rule 215 is not tied to any evidence in the record and the basis of calculating the amount is unknown, the

sanction constitutes an impermissible arbitrary fine. *Id.* at 535.[1] Arbitrary fines are not susceptible to meaningful review. *Id.* In examining whether the trial court has abused its discretion, we must be able to determine not only that the trial court's decision to sanction the conduct at issue was proper, but that the sanction the trial court chose was just. *Id.* at 536. To be just, the sanction must be directed against the abuse and toward remedying the prejudice caused by the conduct. *See Trans-American Natural Gas v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). In addition, the sanction must not be excessive and must "fit the crime." *Id.* Absent supporting evidence or some basis for calculation, there is no way to determine whether the amount of a monetary sanction is excessive. *See Tyson,* 943 S.W.2d at 535.

There is nothing in the record before us to indicate how the trial court arrived at the amount of the sanction levied against Stromberger and his attorney. Appellees did not submit any evidence in support of their motion to demonstrate what fees or expenses they incurred as a result of Stromberger's alleged conduct. Although appellees stated in their motion they had incurred fees and expenses totaling "at least ten thousand dollars," there is no evidence in the record to support this assertion. Appellees did submit documents demonstrating their difficulty in securing a deposition of Stromberger and in obtaining records from him through a subpoena duces tecum. But these merely tend to show Stromberger and Perrin's conduct. *See id.* at 536. The record must also support the trial court's decision about what particular type of sanction to impose. When a monetary sanction is the type of sanction imposed, the sanctionable conduct

alone does not prescribe the amount of the sanction. To review the decision of the amount of the monetary sanction imposed by examining *only* the conduct giving rise to the sanction would permit a "wavering standard of subjectivity" unrestrained by law or statute. *See id.*

We discern no basis for the trial court's decision in this case to impose a $5,000 sanction as opposed to some other amount. Without evidentiary support for the amount of the sanction imposed, we have no means to determine whether the amount of the sanction is just, as it must be to be upheld on appeal. *See id.* On the record before us, we conclude the trial court abused its discretion in granting the motion. We vacate the trial court's order imposing sanctions against Gunter Stromberger and Doug Perrin.

---

1. In *Tyson,* we specifically addressed discovery sanctions under rule 215(3) of the Texas Rules of Civil Procedure. *See id.* at 536. Our analysis, however, is equally applicable to sanctions imposed under 215.1. *See id.* at 534 (even assuming sanctions are not limited to those listed in the rule, arbitrary fine is not permissible).