Gunter STROMBERGER, Appellant,

v.

TURLEY LAW FIRM f/k/a Law Offices of Windle Turley, P.C. and Thomas J. Stutz, Appellees.

No. 05–09–00029–CV.

Court of Appeals of Texas, Dallas.

June 29, 2010.

K. Douglas Perrin, Jerry Mark Perrin, The Perrin Law Firm, P.C., Dallas, TX, for Appellant.

T. Nguyen, Dallas, TX, for Appellees.

Before Justices RICHTER, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice LANG–MIERS.

Gunter Stromberger appeals the trial court's postjudgment order imposing a monetary sanction against him for failing to appear and produce documents at a deposition. In two issues, he contends that the trial court abused its discretion in assessing the sanction. We affirm.

### STANDARD OF REVIEW

We review a trial court's imposition of sanctions for an abuse of discretion. *Am. Flood Research, Inc. v. Jones,* 192 S.W.3d 581, 583 (Tex.2006) (per curiam). A trial court abuses its discretion if it acts without reference to any guiding rules and principles such that the act was arbitrary or unreasonable. *Id.* We must conduct an independent review of the entire record in our review of the trial court's action. *Id.*

### DISCUSSION

The Turley Law Firm and Thomas Stutz (collectively Turley) obtained a judgment against Stromberger. It served a deposition notice with subpoena duces tecum on Stromberger in its effort to collect the judgment. After over two years and numerous attempts to depose Stromberger, the deposition occurred, but Stromberger did not produce any documents pursuant to the subpoena duces tecum. Turley moved for sanctions against him pursuant to civil procedure rules 215.1 and 215.2. *See* TEX.R. CIV. P. 215.1, .2. Turley alleged that it incurred over $10,000 in attorney's fees pursuing Stromberger's deposition and sanctions. After a hearing, the trial court granted the motion and levied a $5000 sanction against Stromberger and his attorney. On appeal, we vacated the order imposing the monetary sanction against Stromberger and his attorney because we concluded that Turley did not submit evidence showing what fees or expenses it incurred as a result of Stromberger's alleged conduct. *Stromberger v. Turley Law Firm,* 251 S.W.3d 225, 227 (Tex.App.-Dallas 2008, no pet.).

After our opinion issued, Turley reurged its motion for sanctions in the trial court. The trial court conducted a second hearing on the motion, and Turley offered evidence to support its application for attorney's fees as sanctions. The trial court granted the motion and levied a $5300 sanction against Stromberger only. He appeals.

■ In his first issue, Stromberger argues that the trial court abused its discretion by levying sanctions against him because rules 215.1 and 215.2 do not authorize the court's action. Stromberger argues that sanctions under rule 215.1 are not authorized because Turley did not seek a motion to compel first. He does not dispute that he failed to appear for his deposition.

Rule 215.1(b) permits the discovering party to apply for sanctions when a party fails "to appear before the officer who is to take his deposition, after being served with a proper notice...." TEX.R. CIV. P. 215.1(b)(2)(A). It allows the discovering party to seek "any sanction authorized by Rule 215.2(b) *without the necessity of first having obtained a court order compelling such discovery.*" TEX.R. CIV. P. 215.1(b) (emphasis added). Because rule 215.1(b) authorizes the imposition of sanctions without requiring the discovering party to first

seek an order to compel, we conclude that Turley was not required to first file a motion to compel before it could seek sanctions under rule 215.1(b). As a result, the sanction in this case was authorized under rule 215.1(b), and we do not need to consider whether it also would have been authorized under rule 215.2. We resolve appellant's first issue against him.

In his second issue, Stromberger argues that Turley's attorney's fees were not incurred as a result of his failure to obey an order under rule 215.2. As we have explained, however, the sanction in this case was authorized by rule 215.1(b), and rule 215.1(b) does not require an order under rule 215.2 before sanctions may be imposed. *See* TEX.R. CIV. P. 215.1(b). As a result, we do not need to consider whether Turley's attorney's fees were incurred because Stromberger failed to obey an order under rule 215.2.

Stromberger also states that the $5300 sanction is "unreasonable," "serves no purpose," and that "[a]warding sanctions for that time expended to file the Motion for Sanctions is contrary to the letter and spirit of Rule 215." Apart from a general statement of the law, Stromberger does not provide any authority or argument to support these contentions.

■ A discovery sanction must be just, that is, it must bear a direct relationship between the improper conduct and the sanction imposed, and it "should be no more severe than necessary to satisfy its legitimate purposes." *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991). Discovery sanctions serve to secure compliance with the discovery rules, deter other litigants from abusing the discovery rules, and punish those who violate the rules. *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 384 (Tex.App.-Dallas 2009, pet. denied). The

type of sanction that may be imposed under rule 215.1(b) is "any sanction authorized by Rule 215.2(b)." TEX.R. CIV. P. 215.1(b). Monetary sanctions authorized by rule 215.2(b) are limited to reasonable expenses, including attorney's fees, caused by the discovery abuse. TEX.R. CIV. P. 215.2(b)(2), (8); *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 865 (Tex.App.-Dallas 2006, no pet.).

### *Relationship Between Improper Conduct and Sanction Imposed*

■ The evidence in this case showed that Turley made numerous unsuccessful attempts to secure a date for Stromberger's deposition. Each time Turley noticed Stromberger's deposition, Stromberger either filed a motion to quash or called at the last minute to reschedule. After two years, the trial court denied one of Stromberger's motions to quash and ordered the deposition to occur on a date certain. However, about a month before the court-ordered deposition, Stromberger asked to reschedule the deposition because his mother had passed away. Turley agreed to reschedule the deposition for a couple of weeks later than the court-ordered date. It also agreed to begin the deposition at 10 a.m. to accommodate Stromberger's attorney's schedule. About one hour before the deposition was to begin, Stromberger e-mailed his attorney stating he had missed his flight. The deposition had to be rescheduled again. When Stromberger appeared for his deposition two days later, he did not bring any of the documents that were requested in the subpoena duces tecum. Although he agreed to mail the documents to Turley, he had not done so a month after the deposition. At the hearing on the motion for sanctions, Stromberger's attorney said Stromberger provided the documents

"within a few months" after the deposition. When asked at the deposition why he did not appear two days earlier at 10 a.m., Stromberger testified that he had not missed his flight as he told his attorney, but that the flight was not scheduled to arrive until 2 p.m.

During the hearing on Turley's motion for sanctions, the trial court described Stromberger's actions as "a pretty clear pattern of Mr. Stromberger stalling." The court was particularly disturbed by Stromberger's failure to bring documents responsive to the subpoena duces tecum, stating "the deposition [was] in many ways wasted because [Turley] can't question him on the documents.... [P]art of the deposition is to ask you, okay, you brought this, what about this, you know, ask questions about it, and at that point, that is wasted." The trial court noted also that because Stromberger lives in South America, Turley invested a "long time and a lot of effort to get him here for the deposition in the first place."

Based on our independent review of the record, we conclude that the sanction imposed by the trial court has a direct relationship to Stromberger's improper conduct.

### Sanction No More Severe than Necessary

■ Next we examine whether the $5300 sanction is excessive. A sanction is excessive if lesser sanctions would have served the purposes of compliance, deterrence, and punishment. *Tex. Integrated,* 300 S.W.3d at 384. The evidence showed that Stromberger continually delayed Turley's efforts to take his deposition and, when he did appear, he ignored the subpoena duces tecum. It also showed that on at least one of the occasions where the deposition had to be rescheduled, Stromberger was not truthful about the reason he missed the 10 a.m. deposition—telling his attorney that he had missed his flight when in reality the flight was not scheduled to arrive until 2 p.m. Turley's evidence showed that it incurred attorney's fees involving 75 hours valued at $200 per hour, or $15,000, plus expenses trying to depose Stromberger over a two-year period and seeking sanctions against him. Turley's attorney's affidavit showed that she spent 20 hours trying to depose Stromberger, 46 hours compiling the materials for and preparing the motion for sanctions, and 9 hours to prepare for and attend the hearing on the motion. She explained at the hearing that the "26.5 hours"[1] she spent preparing the motion was primarily spent reviewing documents from over a two-year period to ensure the facts stated in the motion were accurate.[2]

At the end of the hearing, the trial court orally announced its decision, stating, "I am going to order sanctions in the amount of $5,300, which is the 26.5 hours spent preparing for this [motion for sanctions]. I do recognize this is a voluminous file, and I do think while it is higher than usual, more time than is usual [was] spent preparing and having a hearing on this type of a motion, under the circumstances of this case, it is not extraordinary or unwarranted. So 26.5 hours at $200 an hour is $5,300."

1. Turley's attorney's affidavit states that she spent "46 hours compiling materials and preparing for this Motion and Supplement." At the hearing, the court, Turley, and Stromberger's attorney discussed the "26.5 hours" spent preparing the motion for sanctions. Stromberger's attorney referred to the 26.5 hours reflected in the time records, but those time records are not part of the record on appeal.

2. The motion, including exhibits, contained 118 pages.

Stromberger offers no evidence to contradict the trial court's assessment of the circumstances, nor does he offer an example of a lesser sanction that would have served the sanction's legitimate purposes. He argues that the sanction is excessive because he appeared for the deposition and ultimately produced the documents. But the record shows that the trial court's sanction was based on Stromberger's conduct over the two-year period and, in particular, his failure to produce the documents at the deposition so that he could be questioned about them.

Having conducted an independent review of the record, we cannot conclude that the trial court abused its discretion by imposing a $5300 sanction against Stromberger. *See In re J.V.G.*, No. 09–06–015–CV, 2007 WL 2011019, at *10 (Tex.App.-Beaumont July 12, 2007, no pet.) (mem. op.).

We resolve appellant's second issue against him.

We affirm the trial court's judgment.