# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

### NO. 03-12-00579-CV

**Appellant, Robert Kinney // Cross-Appellants, BCG Attorney Search, Inc.; and Professional Authority, Inc. d/b/a Legal Authority**

**v.**

**Appellees, BCG Attorney Search, Inc.; and Professional Authority, Inc. d/b/a Legal Authority // Cross-Appellee, Robert Kinney**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-12-001521, HONORABLE GARY HARGER, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated August 21, 2013, and substitute the following in its place. Appellees' motion for rehearing is denied.

This is an interlocutory appeal from the trial court's partial denial, and cross-appeal from its partial grant, of a motion to dismiss under chapter 27 of the Texas Civil Practices and Remedies Code. *See generally* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011. Chapter 27, known as the Texas Citizens Participation Act (TCPA), is an "anti-SLAPP" statute that permits defendants targeted by "Strategic Lawsuits Against Public Participation" or SLAPP suits to move for dismissal if the action relates to the defendant's exercise of the right of free speech, right to petition, or right of association. *See id.* § 27.003. BCG Attorney Search, Inc., and Professional Authority, Inc. d/b/a/

Legal Authority (sometimes jointly BCG) sued Kinney for breach of contract, breach of fiduciary duty, and violations of the Lanham Act, *see* 15 U.S.C. §1125(a), based on statements Kinney made in a post on an internet website. Kinney filed a motion to dismiss pursuant to section 27.003 of the TCPA. The trial court granted the motion as to BCG's Lanham Act claim and awarded sanctions against BCG. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(2) (if trial court orders dismissal, it shall award sanctions as it determines sufficient to deter party from bringing similar actions). The trial court denied the motion as to BCG's breach of contract and breach of fiduciary duty claims. For the reasons that follow, we reverse the trial court's denial of the motion as to the breach of contract and fiduciary duty claims, render judgment dismissing those claims, and affirm the order in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

BCG and Legal Authority are two of more than 100 affiliated job search websites, employment services, recruiting firms, online employment news magazines, and student loan companies owned by Andrew Harrison Barnes. From 2002 to 2004, Kinney worked for BCG, a legal recruiting company. Kinney contends his employment agreement with BCG was oral, confirmed by an offer letter that asked him to keep the terms of the offer confidential. According to Barnes, the terms of Kinney's employment were governed by a written employment agreement signed by Kinney. The employment agreement, on which Kinney maintains his signature was forged, includes a confidentiality provision. After leaving BCG, Kinney formed a legal recruiting firm, Kinney Recruiting, Inc. In May 2008, Kinney made a single post to an internet website describing BCG's business operations "based on his experience as a former employee" and stating

2

negative opinions of Barnes and his companies. The post was made anonymously and contained no reference to Kinney or his business.

Barnes, BCG, and other related companies (jointly Barnes and BCG) brought suit in California state court against Kinney, Kinney Recruiting, and other defendants who had posted comments concerning Barnes and BCG on the internet, asserting claims for libel, unfair competition, and intentional interference with economic advantage. In the complaint, Barnes and BCG alleged that the statements were false and defamatory, had damaged the reputations of Barnes and his companies, and had caused them to lose customers and business opportunities, resulting in damages in the amount of at least $10 million. Kinney filed a motion to strike under California's anti-SLAPP statute. *See* Cal. Civ. Proc. Code §§ 425.16–.18. The California court held that, with the exception of BCG, the plaintiffs had failed to demonstrate a probability that they would prevail on the merits. *See id.* § 425.16(b)(1) (cause of action arising from defendant's right of petition or free speech subject to motion to strike unless court determines plaintiff has established probability of prevailing on merits).

As reasons for its conclusion, the court stated that (1) notwithstanding the allegations of unfair competition and interference with economic advantage, the gravamen of the action was libel and the complaint was barred by the one-year statute of limitations for libel, *see id.* § 340(c), because Kinney and Kinney Recruiting had not been added as defendants until more than one year after the posting of Kinney's comments and (2) the defendants had produced evidence that there was already a good deal of online discussion regarding plaintiffs' businesses when Kinney posted his remarks, which were based on first-hand knowledge and were statements of opinion that are

3

privileged communications under section 47 of the California Civil Code,[1] *see id.* § 47(c) (defining privileged communication to include one made without malice by interested party to interested party). The California court also awarded Kinney and Kinney Recruiting more than $45,000 in attorney's fees and costs as the prevailing parties. *See id.* § 425.16(c). As for BCG, the court reasoned that it was Kinney's competitor and was therefore exempt from the anti-SLAPP statute. *See id.* § 425.17(c). Subsequently, however, the court dismissed BCG's claims as barred by limitations because BCG had not been added as a plaintiff until after the one-year statute of limitations for libel had expired, *see id.* § 340(c), and the court of appeal affirmed.[2]

In May 2012, BCG filed this action against Kinney asserting breach of the employment contract and breach of fiduciary duty for Kinney's disclosure of confidential information and violations of the Lanham Act for false and defamatory statements in Kinney's single online post. BCG alleged that it had suffered reputational injury and lost revenues and profits as a result of the post and sought damages of at least $1 million.[3] Kinney filed a motion to dismiss pursuant to section 27.003 of the TCPA. The trial court heard the motion on July 3, 2012, and on that same day issued a "Court's Rendition on Defendant's First Amended Motion to Dismiss and

---

[1] BCG contends that the second reason stated by the California court for concluding that plaintiffs had not demonstrated a probability of prevailing on the merits was "dicta." We do not agree with that construction of the court's order.

[2] *BCG Attorney Search v. Kinney*, No. B223326, 2011 Cal. App. Unpub. LEXIS 5460 (July 21, 2011) (not certified for publication) (cited for purposes of case history and res judicata analysis only). *See* Cal. R. Court 8.1115(b)(1).

[3] Between the dismissal of the California action and the institution of this action, BCG sought arbitration of certain claims, but the arbitration did not occur. The parties offer differing explanations for why there was no arbitration.

4

for Other Relief." Two days later the trial court issued and filed with the clerk a document entitled "Amended Court's Rendition on Defendant's First Amended Motion to Dismiss and for Other Relief," in which the court "render[ed]" that (1) the conduct alleged regarding the Lanham Act or other claims of libel or disparagement is protected speech governed by the TCPA and (2) the breach of contract and breach of fiduciary duty claims stem from an alleged employment agreement, the validity of which is a matter of fact, not law, to be determined by the trier of fact. Consequently, the trial court "render[ed] dismissal" of the Lanham Act claim and denial of the motion to dismiss as to the claims for breach of contract and breach of fiduciary duty. In connection with the dismissal of the Lanham Act claim, the trial court awarded $75,000 in sanctions against BCG. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(2).

In the cover letter transmitting the amended rendition to the parties, the trial court asked counsel for Kinney to prepare an order consistent with the rendition. Kinney submitted an order, to which BCG objected and proposed revisions. Kinney filed his notice of appeal on August 31, 2012, and BCG filed a "conditional" notice of cross-appeal on September 14, 2012.[4] On November 9, 2012, the trial court signed the order as submitted by Kinney. The order included additional findings not contained in the rendition, including that (1) the Lanham Act claims had been brought to deter or prevent Kinney from exercising his constitutional rights and for the improper purpose of harassing Kinney and (2) considering finding (1) and the previous litigation between

---

[4] In filing a "conditional" notice of cross-appeal, BCG reserved its right to argue that the trial court's failure to sign the order until more than 30 days after the hearing resulted in denial of the entire motion by operation of law under sections 27.005 and 27.008, an issue we address below. *See* Tex. Civ. Prac. & Rem. Code §§ 27.005(a), .008(a).

5

the parties, sanctions in the amount of $75,000 were necessary to deter BCG from bringing similar actions.

## DISCUSSION

### Standard of Review

The parties' issues concerning the TCPA present matters of statutory construction, which is a question of law that we review de novo. *See Railroad Comm'n of Tex. v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Of primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). "We generally avoid construing individual provisions of a statute in isolation from the statute as a whole[,]" *Texas Citizens*, 336 S.W.3d at 628, and we must consider a provision's role in the broader statutory scheme, *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008). We presume that "the entire statute is intended to be effective[,]" Tex. Gov't Code § 311.021(2), and we interpret it so as to give effect to every part, *Parker*, 249 S.W.3d at 396.

**Jurisdiction over Interlocutory Appeal**

   *Application of Amendment to TCPA*

            As a preliminary jurisdictional matter, we consider whether the TCPA authorizes this interlocutory appeal and cross-appeal. Since the enactment of chapter 27, our sister courts have wrestled with the question of whether section 27.008 provides for interlocutory appeal of a trial court's express ruling on a motion to dismiss and have come to differing conclusions. *Compare KTRK TV, Inc. v. Robinson*, 490 S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (finding jurisdiction over order denying motion); *San Jacinto Title Servs. of Corpus Christi, LLC v. Kingsley Props., LP.*, ___S.W.3d ___, No. 13-12-00352-CV, 2013 Tex. App. LEXIS 5081, at *15 (Tex. App.—Corpus Christi Apr. 25, 2013, pet. denied) (same); *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV, 2013 Tex. App. LEXIS 1898, at *8–9 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, order) (finding jurisdiction over order granting motion that was interlocutory because of pending counterclaims) *with Jennings v. Wallbuilder Presentations, Inc.*, 378 S.W.3d 519, 528–29 (Tex. App.—Fort Worth 2012, pet. denied) (finding no jurisdiction over order denying motion); *Lipsky v. Range Prod. Co.*, No. 02-12-00098-CV, 2012 Tex. App. LEXIS 7059, at *2 (Tex. App.—Fort Worth Aug 23, 2012, pet. denied) (mem. op.) (same). In its 2013 session, however, the legislature made several revisions to the TCPA, including a corollary revision to chapter 51 of the Civil Practices and Remedies Code, to address the apparent ambiguity in chapter 27 concerning interlocutory appeals. *See* Act of May 24, 2013, 83d Leg., R.S., H.B. 2935, § 4 (codified at Tex. Civ. Prac & Rem. Code § 51.014(a)(12)) (the amendment). The amendment to chapter 51 expressly provides for interlocutory appeal of a trial court's denial of a

7

motion to dismiss filed under section 27.003. *See id.* The amendment is not expressly retroactive, nor does it contain a savings clause for pending suits. *See id.* Because it received a vote of two-thirds of all the members elected to each house,[5] the amendment became effective immediately. *See* Act of May 24, 2013, 83rd Leg., R.S., H.B. 2935, § 6. Thus, we are faced with the question of whether to apply the amendment to this case retroactively.

The Texas Constitution provides that "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made." Tex. Const. art. I, § 16. "However, not all statutes that apply retroactively are constitutionally prohibited." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.* 84 S.W.3d 212, 219 (Tex. 2002). A retroactive statute violates the constitution only if, when applied, it takes away or impairs vested rights. *Id.* Generally, courts presume that the legislature intends statutes and amendments to operate prospectively unless they are expressly made retroactive. Tex. Gov't Code § 311.022; *City of Austin v. Whittington*, 384 S.W.3d 766, 790 (Tex. 2012); *University of Tex. Sw. Med. Ctr. v. Estate of Arancibia*, 324 S.W.3d 544, 547 (Tex. 2010). However, this general rule does not apply when the statute or amendment is procedural, remedial, or jurisdictional because such statutes generally do not affect vested rights. *Whittington*, 384 S.W.3d at 790; *Estate of Arancibia*, 324 S.W.3d at 548. Procedural, remedial, and jurisdictional laws should be enforced as they exist at the time the judgment is rendered. *Whittington*, 384 S.W.3d at 790; *Estate of Arancibia*, 324 S.W.3d at 547–48; *Texas Mun.*

---

[5] *See* http://www.capitol.state.tx.us/BillLookup/History.aspx?LegSess=83R&Bill=HB2935 (Actions/Record Vote).

*Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 198 (Tex. 2007) (jurisdictional statutes should be applied as they exist at time of judgment).

In providing for interlocutory appeal, the amendment does not take away or impair the parties' vested rights. Rather, it is a jurisdictional statute that "speaks to the court's power rather than to the parties' rights or obligations." *See Subaru of Am.*, 84 S.W.3d at 220. It does not take away substantive rights but simply changes the time at which an appellate court can hear the case. *See id.* (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1991) (new statute conferring or ousting jurisdiction merely changes tribunal that is to hear case and applies to existing cases)). Statutes like the amendment that do not deprive the parties of a substantive right and address the power of the court rather than the rights or obligations of the parties should be applied in cases pending when the statute is enacted. *See Whittington*, 384 S.W.3d at 790; *Estate of Arancibia*, 324 S.W.3d at 548. Accordingly, we conclude that we must apply the amendment to this case, *see Whittington*, 384 S.W.3d at 790; *Estate of Arancibia*, 324 S.W.3d at 548, and would have jurisdiction over this interlocutory appeal if the TCPA were properly invoked.

### Application of TCPA

Because it also implicates our jurisdiction over this matter, we turn next to BCG's second issue on cross-appeal: whether the TCPA applies to Kinney's statements. BCG argues that Kinney did not establish that the action relates to Kinney's right of free speech or to petition.[6] *See*

---

[6] Kinney contends that BCG has waived this argument by not presenting it in the trial court. However, because it pertains to this Court's jurisdiction, we will address it. *See Freedom Communs., Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (appellate court must consider its jurisdiction even if consideration is sua sponte); *Minton v. Gunn*, 355 S.W.3d 634, 639 (Tex. 2011)

9

Tex. Civ. Prac. & Rem. Code § 27.003(a). Although BCG does not argue this issue as one of jurisdiction, if Kinney failed to invoke the provisions of the TCPA, then this Court has no jurisdiction over an interlocutory appeal brought pursuant to its provisions. An interlocutory order is not appealable unless a statute expressly provides for appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). If Kinney's statements do not fall within the provisions of the TCPA, then the amendment providing for interlocutory appeal when a trial court denies a motion to dismiss filed under the TCPA cannot apply. *See id.*

Section 27.003 provides that a party may file a motion to dismiss if a legal action "is based on, relates to, or is in response to [that] party's exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code § 27.003(a). Section 27.001(3) defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). "Matter of public concern" is defined as including an issue related to "a good, product, or service in the marketplace." *Id.* § 27.001(7)(E). Section 27.005(b) provides that a court "shall dismiss a legal action against a moving party if the moving party shows by a preponderance of the evidence" that the action is based on, relates to, or is in response to the moving party's exercise of the right of free speech, right to petition, or right of association. *Id.* § 27.005(b).

BCG contends that Kinney's statements do not relate to free speech because they were false and defamatory and thus not constitutionally protected. Kinney argues that determining whether a communication meets the statutory definition of the "exercise of the right of free speech"

_____

(appellate court must determine its jurisdiction to consider appeal before reaching merits).

10

does not entail deciding whether the speech is true. We agree. Whether Kinney's statements were defamatory and thus actionable is reviewable in the second part of an appellate court's analysis, under section 27.005(c), which precludes dismissal if the plaintiff establishes by clear and specific evidence a prima facie case for each essential element of its claim. *See id.* § 27.005(c); *In re Lipsky*, 411 S.W.3d 530, 543 (Tex. App.—Fort Worth 2013, orig. proceeding). However, "[t]he statutory definitions for the exercise of the right of free speech and the exercise of the right to petition do not include language requiring us to determine the truth or falsity of communications [in our threshold determination of] whether a movant for dismissal has met its preliminary preponderance of the evidence burden under section 27.005(b)." *In re Lipsky*, 411 S.W.3d at 543; *see also Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 846 (Tex. 2009) (court should not add language to statute when construing it).

Under section 27.001, a communication need only be "in connection with a matter of public concern," which includes issues "related to a good, product, or service in the marketplace." Tex. Civ. Prac. & Rem. Code § 27.001(3), (7)(E). The record shows that Kinney's online statements related to services BCG provides to the public and that BCG's claims are based on those statements. Considering the plain language of the TCPA, *see Marks*, 319 S.W.3d at 663, and construing section 27.005 as a whole and in the context of the full statute, *see Texas Citizens*, 336 S.W.3d at 628, we conclude that Kinney has met his initial burden of showing by a preponderance of the evidence that his statements were made in connection with a matter of public concern and that this action relates to those statements so that the TCPA applies, *see* Tex. Civ. Prac. & Rem. Code §§ 27.001(3), (7)(E), .005(b); *Avila v. Larrea*, 394 S.W.3d 646, 655 (Tex. App.—Dallas 2012, pet. denied) (allegedly false

11

and defamatory broadcast statements about lawyer's services constituted exercise of right of free speech and TCPA applied); *see also Lipsky*, 411 S.W.3d at 543 (declining to decide whether statements were defamatory when determining whether plaintiff had shown statements fell within provisions of TCPA).

BCG also argues that the TCPA does not apply because Kinney's statements are exempt under section 27.010(b). *See* Tex. Civ. Prac. & Rem. Code § 27.010(b). Section 27.010(b) provides that:

> This chapter does apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

*Id.*[7] Section 27.010(b) thus provides, in relevant part, that a statement is exempt from the TCPA if the action is against a person primarily engaged in selling services and the statement arises from the sale of services. This provision has been construed to mean that for the exemption to apply, the statement must be made for the purpose of securing sales in the goods or services of the person making the statement. *See Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 88–89 (Tex. App.—Houston [1st Dist.] 2013, pet. filed) (following four-prong analysis devised by Supreme Court of California in *Simpson Strong-Tie Co., Inc. v. Gore*,

---

[7] Section 27.010(b) has been referred to as the "commercial speech" exemption. *See Pena v. Perel*, 417 S.W.3d 552, 555 (Tex. App.—El Paso 2013, no pet.); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 88 (Tex. App.—Houston [1st Dist.] 2013, pet. filed).

230 P.3d 1117, 1129 (Cal. 2010) for determining whether exemption applied under essentially identical California anti-SLAPP statute and concluding statements did not arise out of sale of goods or services of defendant); *see also Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, No. 01-12-00990-CV, 2013 Tex. App. LEXIS 8756, at *12–13 (Tex. App.—Houston [1st Dist.] July 16, 2013, pet. denied) (construing section 27.010(b) in context of Better Business Bureau's statements concerning its selling of its memberships). In *Newspaper Holdings*, the court applied the analysis of the California Supreme Court and concluded that the plaintiffs had the burden to show that the exemption applied. 416 S.W.3d at 89; *see also Better Bus. Bureau of Metro. Dallas v. BH DFW, Inc.*, 402 S.W.3d 299, 309 (Tex. App.—Dallas 2013, pet. denied) (applying general rule that burden of proving statutory exception rests on party seeking benefit from exception to construction of section 27.010(b)). The court then applied the *Simpson* four-pronged test and held that the plaintiffs had not met their burden as to Newspaper Holdings (NHI), concluding that the "complained-of statements d[id] not arise out of the lease or sale of the goods or services that NHI sells—newspapers." 416 S.W.3d at 89.

We agree with the reasoning of our sister courts in *Newspaper Holdings* and *BH DFW, Inc.* that the plaintiff has the burden under section 27.010(b) to show that the statements arise from the sale of the defendant's services so that the exemption applies. BCG does not dispute that the statements must arise from the sale of Kinney's services but contends that his online statements did "arise out of" the sale of those services because Kinney is in the business of selling legal recruiting services and it is "obvious" that Kinney would not have made the post had it not been

13

for the fact that he and BCG were competitors.[8]  On the facts of this case, we do not find this argument persuasive.

Here, Kinney's statements were made anonymously and made no reference whatsoever to his business or the sale of his services.  BCG offered no evidence that the post was "'for the purpose of obtaining approval for, promoting, or securing sales or leases of, or commercial transactions in, [Kinney's] goods or services or in the course of delivering [Kinney's] goods or services.'" *See Newspaper Holdings*, 416 S.W.3d at 88 (quoting *Simpson* four-prong test); *see also BH DFW*, 402 S.W.3d at 309 (plaintiff offered no evidence statements arose out of defendant's commercial transaction and failed to establish exemption).  We therefore conclude that BCG has not met its burden of showing that the statements arose out of the sale of Kinney's services so as to be exempted from the TCPA under section 27.010(b) and that, consequently, the TCPA was properly invoked.  We overrule BCG's second issue on cross-appeal as to the application of the TCPA.

***Effect of Trial Court's Rendition***

The final issue that implicates our jurisdiction over this appeal is BCG's first issue in its cross-appeal.  BCG contends that because the trial court did not sign an order until more than 30 days after the hearing, Kinney's entire motion to dismiss was overruled by operation of law.  Section 27.005(a) provides that the trial court "must rule" on a motion to dismiss no later than the 30th day following the date of the hearing on the motion, and section 27.008(a) provides that if the

---

[8]  Although BCG initially states that the entire subject of Kinney's post concerns legal services that are identical to those sold by Kinney, it ultimately argues that Kinney made the statements because he was a competitor of BCG and the statements therefore "'arise out of' Kinney's sale of services."

14

trial court does not "rule on a motion to dismiss . . . in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law . . . ." Tex. Civ. Prac. & Rem. Code §§ 27.005(a), .008(a). BCG argues that a signed order is required under section 27.005, that the rendition is not a signed order, and that the trial court's request for counsel to prepare an order indicates the rendition was not final. Consequently, BCG contends, the trial court did not rule within 30 days of the hearing, and the motion to dismiss was overruled in its entirety by operation of law. *See id.* § 27.008(a).

We do not find these arguments persuasive. Under sections 27.005(a) and 27.008(a), the court need only "rule" within 30 days of the hearing. *See id.* §§ 27.005(a), .008(a). Although the TCPA does not define "rule," the plain meaning of the verb is "to decide a legal point." *See Black's Law Dictionary* 1446 (9th ed. 2009); *see also Marks*, 319 S.W.3d at 663 (we apply plain meaning unless meaning is supplied by legislature). In the rendition, the trial court expressly decided the legal points as to dismissal of each claim and rendered its decision or "ruling." *Cf.* Tex. Fam. Code § 101.026 ("'Render'" means the pronouncement by a judge of the court's *ruling* on a matter.") (emphasis added). Further, in looking at the TCPA as a whole, *see Texas Citizens*, 336 S.W.3d at 628, we observe that section 27.008(b) refers not to the trial court's "ruling" but to its "order." *See* Tex. Civ. Prac. & Rem. Code § 27.008(b) (appellate court shall expedite appeal from a trial court's order on a motion to dismiss). If the legislature had intended to require the trial court to sign an order within 30 days, it could have done so; instead the plain language of the statute requires only that the trial court "rule" within 30 days. *See Marks*, 319 S.W.3d at 663.

In *Greene v. State*, 324 S.W.3d 276, 280–82 (Tex. App.—Austin 2010, no pet.), this Court drew a similar distinction between a trial court's ruling and order, holding that a "letter ruling" stating that "judgment is rendered for the plaintiffs" and requesting counsel to prepare a judgment for the court's signature, while insufficient to serve as an appealable order, can serve as the rendition of judgment if it is filed with the clerk. *Id.* at 281. Here, the trial court rendered its decision in writing, signed the rendition, and delivered it to the clerk. We conclude that the amended rendition, signed two days after the hearing, was a timely "ruling" within the meaning of "rule" in sections 27.005 and 27.008 and the motion to dismiss was not overruled by operation of law under section 27.008(a). *See id.* We overrule BCG's first issue on cross-appeal and conclude that we have jurisdiction over this interlocutory appeal and cross-appeal.

**Res Judicata**

We turn, then, to Kinney's first issue on appeal. Kinney contends that this action is barred by res judicata based on the California court's order, an affirmative defense he asserted below. As a preliminary matter, BCG argues that the TCPA does not require it to overcome Kinney's affirmative defenses. In the 2013 revisions to the TCPA, the legislature added subsection (d) to section 27.005 providing that the trial court "shall dismiss" a case "if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *See* Act of May 24, 2013, 83d Leg., R.S., H.B. 2935, § 2 (codified at Tex. Civ. Prac. & Rem. Code § 27.005(d)). Thus, as amended, section 27.005 requires a nonmovant to overcome a movant's affirmative defenses to avoid dismissal. *See id.* However, even prior to the addition of section 27.005(d), the plain language of section 27.006 required the court to consider "the pleadings and

16

supporting and opposing affidavits stating the facts on which the liability *or defense* is based." *See* Tex. Civ. Prac. & Rem. Code § 27.006(a) (emphasis added); *Marks*, 319 S.W.3d at 663. Therefore, without reaching the question of whether new subsection (d) applies to this case, we conclude that under either version of the statute, the result is the same and BCG is required to overcome any affirmative defenses Kinney established. *See* Tex. Civ. Prac. & Rem. Code § 27.006(a); Act of May 24, 2013, 83d Leg., R.S., H.B. 2935, § 2; Tex. R. App. P. 47.1. Therefore, while neither section 27.006(a) nor new subsection (d) changes the fact that Kinney had the burden of proof on his affirmative defense of res judicata, *see Commint Tech. Servs., Inc. v. Quickel*, 314 S.W.3d 646, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.), under either section 27.006(a) or new section 27.005(d), it was proper, under the plain language of either version of the statute, for the trial court to consider the pleadings and evidence relevant to res judicata in ruling on Kinney's motion to dismiss.[9] *See Navellier v. Sletten*, 131 Cal. Rptr. 2d 201, 205 (Cal. Ct. App. 2003) (applying language in California anti-SLAPP statute identical to that in section 27.006(a) and concluding that "[i]n deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant").[10]

---

[9] In addition, construing the TCPA to preclude a trial court's consideration of affirmative defenses in determining motions to dismiss under section 27.003 would contravene the statute's purpose—to protect free speech by enabling the early dismissal of meritless lawsuits that threaten that right. *See* Tex. Civ. Prac. & Rem. Code § 27.003; *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV, 2013 Tex. App. LEXIS 1898, at *2 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, order).

[10] We also observe that BCG could have requested limited discovery relevant to the motion and Kinney's affirmative defenses. *See* Tex. Civ. Prac. & Rem. Code § 27.006(b).

We next consider whether Kinney met his burden of proof by establishing the elements of the affirmative defense of res judicata. "To determine the preclusive effect of a judgment of another state's court, Texas courts apply the res judicata principles of that state." *Highland Crusader Offshore Partners, L.P. v. Motient Corp.*, 281 S.W.3d 237, 242 (Tex. App.—Dallas 2009, pet. denied) (citing *Purcell v. Bellinger*, 940 S.W.2d 599, 601 (Tex. 1997)). Under California law, res judicata applies if "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the *same cause of action* as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Villacres v. ABM Indus. Inc.*, 117 Cal. Rptr. 3d 398, 410 (Cal. Ct. App. 2010). The issue of res judicata is a question of law. *See Cornette v. Department of Transp.*, 26 P.3d 332, 341 (Cal. 2001) ("'While all [the res judicata] issues may have factual predicates, they are peculiarly legal determinations.'" (quoting and distinguishing *Windsor Square Homeowners Assn. v. Citation Homes*, 62 Cal. Rptr. 2d 818, 825 (Cal. Ct. App. 1997))).

Kinney argues that all three elements of res judicata are met in this case. While BCG does not dispute that the California order is final or that there is privity between the plaintiffs in the California action and the plaintiffs here, it does contend that the California court's determination was not on the merits and that the two proceedings do not involve the same causes of action. Concerning whether the California order was a determination on the merits, BCG argues that the California court based its decision on procedural grounds only and its statements that the plaintiffs had not established a probability of prevailing on the merits and that Kinney's statements were privileged were mere dicta. As we have already noted, we do not agree with BCG's reading of the California

18

court's ruling. Citing section 47 of the California Civil code, *see* Cal. Civ. Proc. Code § 47(c), the

California court order stated:

> In addition to being time barred, plaintiffs have not provided sufficient evidence to establish a probability of prevailing on the merits. Defendants have presented evidence that there was already a good deal of on-line discussion regarding plaintiffs' businesses when defendant Kinney posted his remarks, which were based on his first hand knowledge. Kinney's statements of opinion are privileged communications amount [sic] interested parties. CC47(c).

Considering this language, we conclude that the California court's holding was based on the alternative grounds of limitations and privilege. The privilege under section 47 is "an 'absolute' privilege, and it bars all tort causes of action except a claim of malicious prosecution." *Flatley v. Mauro*, 139 P.3d 2, 16 (Cal. 2006). Further, dismissal under the California anti-SLAPP statute is essentially equivalent to dismissal on the merits on summary judgment. *See Navellier*, 131 Cal. Rptr. 2d at 205; *cf. Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 345 (Cal. 2010) (for res judicata purposes, dismissal with prejudice is equivalent of final judgment on merits); *Federal Home Loan Bank of San Francisco v. Countrywide Fin. Corp.*, 214 Cal. App. 4th 1520, 1528 (Cal. Ct. App. 2013) (dismissal with prejudice is determinative of issues). Therefore, we conclude that the California court's order was an adjudication on the merits.[11]

---

[11] Although the California dismissal on the merits was as to Legal Authority only, and not to BCG, BCG admits that it is an affiliate of Legal Authority and does not dispute that it is in privity with Legal Authority. Therefore, for purposes of res judicata, the California order on the merits as to Legal Authority was also a determination on the merits as to BCG, and BCG is bound by the order. *See Arias v. Superior Court*, 209 P.3d 923, 932 (Cal. 2009); *Villacres v. ABM Indus. Inc.*, 117 Cal. Rptr. 3d 398, 410, 422 (Cal. Ct. App. 2010).

Regarding whether the two proceedings involve the same causes of action, BCG argues that in the California action, it asserted only libel, unfair competition, and intentional interference with prospective economic relations claims—which were based on Kinney's false and defamatory statements—not the claims for breach of contract and breach of fiduciary duty—which are based on Kinney's true statements disclosing confidential information—or the statutory claims under the Lanham Act that it asserts in this case. However, California law is settled that "'a prior final judgment on the merits not only settles issues that were actually litigated but also every issue that might have been raised and litigated in the first action.'" *Countrywide Fin. Corp.*, 214 Cal. App. 4th at 1529 (quoting *Mattson v. City of Costa Mesa*, 164 Cal. Rptr. 913, 916 (Cal. Ct. App. 1980)); *see Bullock v. Philip Morris USA, Inc.*, 131 Cal. Rptr. 3d 382, 393 (Cal. Ct. App. 2011). If a matter is within the scope of the prior action, related to the subject matter, and relevant to the issues, so that it could have been raised, the judgment is conclusive on it. *Countrywide Fin. Corp.*, 214 Cal. App. 4th at 1529 (citing *Villacres*, 117 Cal. Rptr. 3d at 409). "The fact that different forms of relief are sought in the two lawsuits is irrelevant, for if the rule were otherwise, 'litigation finally would end only when a party ran out of counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background.'" *Villacres*, 117 Cal. Rptr. 3d at 409 (quoting *Interinsurance Exchange of the Auto. Club v. Superior Court*, 257 Cal. Rptr. 37, 39 (Cal. Ct. App. 1989) (internal quotations and italics omitted)). "A party cannot by negligence or design withhold issues and litigate them in consecutive actions." *Aerojet-General Corp. v. American Excess Ins. Co.*, 117 Cal. Rptr. 2d 427, 436 (Cal. Ct. App. 2002). Res judicata

20

should bar a claim if with diligence it could have been brought earlier. *Allied Fire Protection v. Diede Constr., Inc.*, 25 Cal. Rptr. 3d 195, 200 (Cal. Ct. App. 2005).

We conclude that BCG could have raised the claims asserted in this case in the California action. Both the libel-based claims and the claims based on disclosure of confidential information arise from the same factual background—Kinney's single internet post—and the current claims are within the scope of the California action, related to the subject matter and relevant to the issues. *See Countrywide Fin. Corp.*, 214 Cal. App. 4th at 1529; *Villacres*, 117 Cal. Rptr. 3d at 409. The only reason BCG offers for not asserting the contract and fiduciary duty claims in the California action is that it had not "discovered" the employment contract. However, the alleged contract was one BCG prepared, presented to Kinney, and subsequently located in its files. BCG had knowledge of the contract and, with diligence, could have asserted the claims based on it in the prior action. *See Diede Constr.*, 25 Cal. Rptr. 3d at 200. Similarly, BCG's claim in this case for violations of the Lanham Act is based on the same alleged false statements upon which the libel-related claims in the California action were founded, it could have been asserted in the California case, and BCG may not withhold issues and litigate them later. *See Countrywide Fin. Corp.*, 214 Cal. App. 4th at 1529; *Aerojet-General Corp.*, 117 Cal. Rptr. 2d at 436. We therefore hold that BCG's claims are barred by res judicata and sustain Kinney's first issue.

**Sanctions**

Because we conclude that BCG's claims are barred by res judicata, we need not reach the remainder of the parties' issues, with the exception of BCG's challenge to the trial court's award of sanctions under section 27.009 of the TCPA. *See* Tex. R. App. P. 47.1. Section 27.009(a)(2)

21

provides that if the court orders dismissal, it "shall award to the moving party . . . sanctions against the party who brought the legal action as the court determines sufficient to deter the party . . . from bringing similar actions." Tex. Civ. Prac. & Rem. Code § 27.009(a)(2). In its third issue on cross-appeal, BCG contends that the sanctions amount was excessive and the trial court abused its discretion because it awarded the amount of $75,000 without any guidance from a determination of actual litigation costs and without providing a sufficient explanation for how it determined that amount.

We generally review a trial court's award of sanctions for an abuse of discretion. *See American Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam). A trial court abuses its discretion if its ruling is arbitrary, unreasonable, or without reference to any guiding rules and principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam). In determining whether the trial court abused its discretion, we must decide whether the sanctions were appropriate or just under a two-part inquiry. *American Flood Research*, 192 S.W.3d at 583. The appellate court must ensure that (1) there is a direct nexus between the improper conduct and the sanction imposed, *id.*; *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007), and (2) less severe sanctions would not have been sufficient to promote compliance, *American Flood Research*, 192 S.W.3d at 583. We do not rely only on the trial court's findings but must independently review the entire record to determine if the trial court abused its discretion. *Id.*

Because the order reflects that the trial court ordered sanctions pursuant to the TCPA, we review the order under the language of section 27.009. *See* Tex. Civ. & Prac. Rem. Code § 27.009(a)(2); *Low*, 221 S.W.3d at 614 (reviewing order in light of chapter 10 of Civil Practices and

22

Remedies Code because trial court's written order specifically ordered sanction pursuant to penalty provision of chapter 10); *cf. American Flood Research*, 192 S.W.3d at 583–84 (where order imposing sanctions neither referred to nor tracked any language of specific rule, analysis governed by language of any rule cited in motion). Section 27.009(a)(2) requires the trial court to award sanctions if it dismisses a claim pursuant to section 27.003 and gives the trial court broad discretion to determine what amount is sufficient to deter the party from bringing similar actions in the future. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(2). It does not expressly require the trial court to explain how it reached its determination. *Cf. id.* § 10.005 (in imposing sanction under chapter 10, court shall describe the sanctionable conduct and explain the basis for the sanction); Tex. R. Civ. P. 13 (good cause must be stated in sanction order).

As we have already discussed, the record shows that BCG asserted claims that could have been asserted in the California suit. *See Countrywide Fin. Corp.*, 214 Cal. App. 4th at 1529; *Villacres*, 117 Cal. Rptr. 3d at 409. While the sanction imposed was large, "the amount [of the sanction] alone does not render the order unjust." *Wal-Mart Stores v. Davis*, 979 S.W.2d 30, 47 (Tex. App.—Austin 1998, pet. denied). The record also shows a culmination of multiple actions, including an attempted arbitration, concerning claims for the same harm asserted under various legal theories and that one of the prior actions resulted in an award of attorney's fees against BCG in the amount of $45,000. *See Boelken*, 230 P.3d at 348; *Villacres*, 117 Cal. Rptr. 3d at 409. Given the history of the litigation, the trial court could have reasonably determined that a lesser sanction would not have served the purpose of deterrence. *See Stromberger v. Turley Law Firm*, 315 S.W.3d 921, 924 (Tex. App.—Dallas 2010, no pet.) (sanction awarded based on party's conduct over two-year

23

period). In light of the trial court's findings and the record before us, as well as the broad discretion afforded the trial court by section 27.009, we conclude that the sanction has a direct relationship to BCG's sanctionable conduct and that the trial court did not abuse its discretion in determining that a lesser sanction would have been insufficient to deter further actions by BCG. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(2); *American Flood Research*, 192 S.W.3d at 583.

In arguing that the trial court abused its discretion because it awarded sanctions without reference to the actual litigation costs, BCG relies on *Low*, in which the supreme court held that a determination of the amount of a penalty under chapter 10 of the Civil Practices and Remedies Code "should . . . begin with an acknowledgment of the costs and fees incurred because of the sanctionable conduct[, which] provides a monetary guidepost of the impact of the conduct on the party seeking sanctions and the burdens on the court system." *See* 221 S.W.3d at 621. Although no court has addressed a sanctions award under the TCPA, because both chapter 10 and the TCPA allow for sanctions to deter future sanctionable conduct, *see* Tex. Civ. Prac. & Rem. Code §§ 10.004(b), 27.009(a)(2), we assume without deciding that this guideline may reasonably apply to sanctions under the TCPA. However, the trial court expressly considered the prior litigation, and the record reflects that the California court awarded Kinney $45,000 in attorney's fees in that action. On the record before us, we conclude that there was sufficient evidence of the economic impact to Kinney of the sanctionable conduct of BCG over the course of litigation in two states to serve as a "guidepost" for the amount of the sanction. *See Low*, 221 S.W.3d at 621. Further, although unlike chapter 10 and rule 13, section 27.009 does not require the trial court to state the reasons for the sanction amount, the order nevertheless expressly recited the trial court's consideration of the prior

litigation, which resulted in an award of attorney's fees against BCG, in deciding that a sanction of $75,000 was necessary to deter BCG from bringing similar actions in the future. *Cf. Low*, 221 S.W.3d at 620 (*absence* of explanation of how court determined amount when sanction is especially severe is inadequate). In light of the statutory language and the record before us, we cannot conclude that the trial court abused its discretion in awarding $75,000 in sanctions against BCG. We overrule BCG's third issue on cross-appeal.

## CONCLUSION

Having concluded that we have jurisdiction over this appeal and cross-appeal, that BCG's claims are barred by res judicata, and that the trial court did not abuse its discretion in awarding sanctions in the amount of $75,000 against BCG, we reverse the trial court's order denying Kinney's motion to dismiss as to BCG's breach of contract and breach of fiduciary duty claims and render judgment dismissing those claims. We affirm the trial court's order in all other respects.

_____
Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed in Part; Reversed and Dismissed in Part on Motion for Rehearing

Filed: April 11, 2014

25